**HODGES et al. v. UNITED STATES.**

Circuit Court of Appeals, Tenth Circuit.
October 16, 1929.

No. 58.

T. H. Davidson, of Muskogee, Okl. (W. K. Zachry, of Muskogee, Okl., on the brief), for appellants.

Frank Lee, U. S. Atty., of Muskogee, Okl. (W. F. Rampendahl, of Muskogee, Okl., on the brief), for the United States.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge. J. C. Hodges and L. R. Doyle were convicted and sentenced on two counts of an indictment, the first of which charged them with conspiracy to violate the National Prohibition Act (27 USCA), and the second of which charged them with the unlawful possession of liquor in Indian country contrary to the provisions of the Act of June 30, 1919, U. S. C. Tit. 25, § 244 (25 USCA § 244).

The evidence on the part of the government showed the following facts: That, on April 28, 1928, Ulous Pollan, a federal prohibition officer, in company with E. S. Kelley and Dan Fulsom, deputy sheriffs, went to a place about six miles west of Muskogee, Muskogee county, Oklahoma; that such place was known as the Old Oaken Bucket, which was then a cold drink stand where drinks and lunches were served; that they arrived there about three o'clock in the afternoon and found Doyle in charge of the establishment; that Doyle told Pollan it was his place of business; that Pollan told Doyle he had information that whisky was being handled there; that he had no search warrant but would like to make a search; that Doyle told him to "go ahead"; that Pollan passed through the building and out into the yard about ten feet from the main building where a small outhouse was located; that the main building and the small outhouse were enclosed by a fence; that as Pollan started out towards the outhouse, Doyle called out, "J. C., the law is here raiding us"; that Pollan detected the odor of whisky and heard some cans rattling as he approached the outhouse; that Pollan opened the outhouse door and Hodges came out wiping his hands with a handkerchief; that Pollan found a crock pitcher, containing a small amount of whisky, in the outhouse and observed where whisky had been poured on the wall of the outhouse; that Hodges asked Pollan if he had a search warrant; that Pollan asked Hodges if the place belonged to him or Doyle and Hodges replied that it belonged to Doyle and that he had no interest in it; that Pollan then told Hodges that Doyle had told Pollan to go ahead and search; that Hodges then said, "Go ahead"; that in the outhouse Pollan discovered two copper tubes coming up out of the gravel, with an automobile tire pump attached to one tube; that Pollan called Hodges' attention to this and Hodges then pointed out to Pollan where he should dig to find the whisky; that the keg was buried about fifty feet south of the outhouse beyond the enclosure; that Pollan dug down and found a ten gallon keg containing about five gallons of whisky, with the two copper tubes attached to the keg; that the device was so arranged that when air was pumped, by means of an automobile pump, into one of the tubes, the whisky in the barrel was forced out through the other copper tube.

At the close of all the evidence, the appellants requested the court to instruct the jury to find each of them not guilty on each count of the indictment on the ground that the evidence was insufficient to warrant verdicts of guilty. This motion was overruled.

Doyle admitted that he owned the place and was found in active charge of the business. Such facts were sufficient to support the verdict against him on the second count.

When the officers arrived, Hodges must have been in or near the outhouse, to which place the whisky was conveyed from the keg by means of the copper tubes, because Pollan went to the outhouse shortly after he arrived and there found Hodges. As Pollan started towards the outhouse, Doyle called out to Hodges, "J. C., the law is here raiding us" and it is a fair inference that Hodges thereupon attempted to dispose of the whisky in the crock pitcher.

Hodges knew about the keg and the device to draw the whisky therefrom; he was at the source of the whisky supply; he was advised of the raid by Doyle, who did not say, "The law is here raiding ME," but "us," and thereupon Hodges undertook to destroy the visible evidence of the whisky. These facts, in our opinion, justified the finding of possession by Hodges and justified the verdict of guilty on the second count as to Hodges.

It is not necessary to determine the sufficiency of the charge in the first count of the indictment or whether the evidence was sufficient to sustain the verdicts on the first count because the sentences on the two counts are the same and are to run concurrently. The trial court entered an order, which was not an order of probation made pursuant to authority given by section 724, Tit. 18, U. S. C. (18 USCA § 724), but an attempt to suspend the sentences on the second count. This order was void and commitment should issue on the second count. Ex parte U. S., 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355.

█ Counsel for appellants also contend that the search and seizure violated their constitutional right and that the court erred in admitting evidence which the officers obtained by such search. A sufficient answer to this contention is that both Doyle and Hodges consented to the search. Gatterdam v. United States (C. C. A. 6) 5 F.(2d) 673; Waxman v. United States (C. C. A. 9) 12 F.(2d) 775; Giacolone v. United States (C. C. A. 9) 13 F.(2d) 110; Cantrell v. United States (C. C. A. 5) 15 F.(2d) 953.

The judgment is affirmed.