## HODGES et al. v. UNITED STATES.

Circuit Court of Appeals, Tenth Circuit.
November 25, 1929.

No. 58.

Cotteral, C. J., dissenting in part.

For former opinion, see 35 F.(2d) 594.

T. H. Davidson, of Muskogee, Okl. (W. K. Zachry, of Muskogee, Okl., on the brief), for appellants.

Frank Lee, U. S. Atty., of Muskogee, Okl. (W. F. Rampendahl, Asst. U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge. Upon further consideration, we have reached the conclusion that we misconstrued the judgment in this case and that the sentences on the first and second counts are to run consecutively and not concurrently. This makes it necessary for us to consider the appeal from the judgment on the first count.

We have stated substantially all of the evidence in our former opinion. While the evidence established that Doyle owned and possessed the whisky and that Hodges was in actual possession of the whisky at the time the officers arrived, it failed to establish any combination, agreement or understanding, tacit or otherwise, between them to possess such whisky; it did not establish, with requisite certainty, the existence of a preconcerted plan or purpose, on the part of appellants, to possess whisky. The evidence did not show any joint action by appellants with reference to this whisky, from which the existence of such plan or purpose could be inferred. Hodges was connected with the whisky solely by the evidence that he was at the place where the whisky was drawn off and had attempted to get rid of a small portion of the whisky that had been drawn off, when the officers approached the outhouse. It is our opinion that this evidence was sufficient to sustain the charge of possession against Hodges, but that it failed to establish any conspiracy between appellants.

The judgment on the first count is reversed and the cause remanded with instructions to grant appellants a new trial.

Counsel for the appellants urge that the Act of June 30, 1919, U. S. C., Tit. 25, § 244 (25 USCA § 244), upon which the second count of the indictment was predicated, was unconstitutional. The Eighth Circuit has considered and upheld the constitutionality of this section in a number of recent decisions. See Browning v. United States, 6 F.(2d) 801; Lucas v. United States, 15 F.(2d) 32; Sharp v. United States, 16 F.(2d) 876; Morris v. United States, 19 F.(2d) 131; Billingsley v. United States, 16 F.(2d) 754. For the reasons stated in the cases above cited, we hold this act to be constitutional.

We adhere to our former opinion with reference to the judgment on the second count.

COTTERAL, Circuit Judge, dissents from that portion of the foregoing opinion which reverses the judgment on the first count.