## REYNOLDS v. UNITED STATES.
### No. 320.

Circuit Court of Appeals, Tenth Circuit.
April 1, 1931.

T. H. Davidson, of Muskogee, Okl., for appellant.

W. F. Rampendahl, Asst. U. S. Atty., of Muskogee, Okl.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

The appellant complains of a conviction and sentence upon an indictment which charged him with the unlawful possession of whisky in Seminole county, Okl., where prior to statehood the act was prohibited by federal law.

One of the assignments of error challenges the validity of the Act of June 30, 1919, 41 Stat. 4 (25 USCA § 244), on which the indictment was based. But the act was upheld by this court in Hodges et al. v. United States, 36 F.(2d) 356. That decision is undoubtedly sound, and we adhere to it.

The remaining assignments of error are predicated on certain proceedings which occurred at the trial alleged to have been prejudicial to the appellant, alleged error in the charge to the jury, and the refusal of a motion for a new trial.

The sheriff of Okfuskee county and two deputies testified that they visited the home of defendant near Seminole and found a quantity of whisky in his garage. The defendant testified he had no knowledge of whisky on the premises. His witness Bill Grammar testified he obtained the whisky at Holdenville, took it to defendant's garage when he was absent, and he had not seen the defendant since 1927. At this point the court stated it was probably his duty to warn the witness as to his immunity, and, pursuant to agreement of the defendant's attorney, the court advised the witness that, if he incriminated himself, it would be the duty of the court to direct the officers after he left the stand to take him into custody, and then inquired of him whether he wished to testify he took the whisky to the place. The witness then repeated his statement, and gave other details of the transaction. At the close of his testimony, the court said: "Have him taken into custody either for possession and

transportation of whisky or perjury, whichever the facts warrant."

A portion of the charge was to the effect that "any statement of the court made to counsel or to any of the witnesses during the trial of this case are not to be considered by the jury," that Grammar was guilty under his own statement of perjury or violating the prohibition laws, and that he was warned he would be held for investigation, but that was not to prejudice the defendant's case.

No exception was taken to the trial incidents, the charge, or the overruling of a motion for a new trial. Generally, errors in trial proceedings not saved by exception will not be reviewed on appeal. But where the life or liberty of a defendant is at stake, they may be considered, when serious and fatal to his rights. Wiborg v. United States, 163 U. S. 632, 16 S. Ct. 1197, 41 L. Ed. 289; Gillette v. United States (C. C. A.) 236 F. 215; Edwards v. United States (C. C. A.) 7 F.(2d) 357; Crawford v. United States, 212 U. S. 183, 29 S. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392; Brasfield v. United States, 272 U. S. 448, 47 S. Ct. 135, 71 L. Ed. 345; Feinberg v. United States (C. C. A.) 2 F.(2d) 955; Lamento v. United States (C. C. A.) 4 F.(2d) 901; Bogileno v. United States (C. C. A.) 38 F.(2d) 584. We may assume that the errors assigned in this case are of a character to invoke our determination.

Numerous cases are cited to show that the action of the court was prejudicial to the defendant, especially in discrediting Grammar as a witness. The citations to the decisions of the state courts are not authoritative because of the restricted powers of the trial judges. The federal courts have decided that it is error under some circumstances for a trial court to order the arrest of a witness for contempt or perjury, in the presence of the jury. See Rutherford v. United States (C. C. A.) 258 F. 855; McNutt v. United States (C. C. A.) 267 F. 670; Di Carlo v. United States (C. C. A.) 6 F.(2d) 364. But no' such proceeding occurred in this case. When Grammar testified it was obvious to the jury that the witness was guilty of possessing whisky, or of perjury in order to exculpate the defendant. The trial judge was careful to express no opinion either way, and discharged only a plain duty when he ordered the witness committed for an offense "whichever the facts warrant." The jury was not advised of any fact it did not already know, and no prejudice arose from restating it. Error is not disclosed in the proceedings.

The charge to the jury was not erroneous in the reference to the warning given the witness. It was in fact agreed to by defendant's counsel. We are impressed that in other respects the charge was fair to the defendant and affords no ground for reversal.

The ruling on a motion for a new trial is not by general rule assignable as error. But in any event it was properly denied, as it was based on the same grounds as the objections which have been considered.

The judgment in this case is accordingly affirmed.