**LOEHR et al. v. UNITED STATES.** *

No. 503.

Circuit Court of Appeals, Tenth Circuit.

Dec. 21, 1931.

J. W. Ward, of Wichita, Kan., for appellants.

Dan B. Cowie, Asst. U. S. Atty., of Topeka, Kan.

Before COTTERAL and PHILLIPS, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

Appellants, who were defendants below, and one John Loehr were indicted on four counts of an indictment charging them jointly with violations of the Volstead Act (27 USCA § 1 et seq.). Count 1, with the manufacture of liquor; count 2, with possession

*Rehearing granted February 26, 1932.

of equipment designed for manufacture of liquor; count 3, possession of liquor; count 4, maintaining a nuisance.

John Loehr pleaded guilty to all counts. Warner was convicted on all counts, and Tony Loehr was convicted on counts two and four. Defendants below appeal.

At the conclusion of the government's evidence Tony Loehr moved his discharge on the ground there was no competent evidence tending to show his guilt. This motion was overruled and excepted to. The enforcement officers testified they found a still in operation on the premises; at the time they found no one on the premises except Warner, who said he was employed by John Loehr to plow corn. When found his hat and coat were in the stillhouse. The question presented by both defendants is the sufficiency of the evidence to sustain the conviction.

While Tony Loehr is a son of John Loehr, yet he did not live with his father, and he and a fellow by the name of Fred Neises had been absent from Sedgwick county on a trip to Mexico, Tex., etc., for several weeks, and having just returned home rode out home with his father and mother when the officers arrested them as they drove in home. There is no possible evidence of his having in his possession equipment to manufacture liquor or of his maintaining a nuisance. His father did, but he pleaded guilty and was punished.

To our minds the evidence against this defendant is altogether insufficient. There is hardly enough to create even a suspicion of his guilt. On his trial he was clothed with the presumption of innocence unless and until the government established his guilt beyond a reasonable doubt, and this by competent evidence, not by mere suspicion. A person may not be guessed guilty of a criminal offense as the jury must have done in this case. The case was very poorly defended. The record was not well saved to protect the rights of defendant, but in such a case a reviewing court, having the record with all the evidence before it cannot shut its eyes and allow a mere suspicion or guess to prevail where competent evidence is lacking to sustain a conviction for crime. Reynolds v. United States (C. C. A.) 48 F.(2d) 762.

Coming now to the defendant Warner, said by the officers to have run away from the barn in which the still was located, when they approached: His hat and coat were in the building in another place. There was a cot there on which he had lain. The evidence was that he had been employed by John Loehr to plow corn and had worked there but a few days plowing corn at a wage of $3 per day. Defendant testified he did not run away when the officers came but simply got up from where he had been sleeping and went out when he heard a car drive up. He further testified while he knew the still was there he had nothing to do with it or the making of the whisky. The accusations are that this defendant manufactured whisky, was in the possession of materials designed for the purpose of manufacturing whisky, with the possession of whisky, and the maintenance of a common nuisance. These are the charges against him. The property where the still was located was not his property. He is not shown to have done any act at the still. All that is shown to have been done by him is just as consonant with his innocence as his guilt. The fact he knew John Loehr had a still on his property, made and sold whisky, would not prevent him from being employed on the premises for an altogether different work or purpose. Again, are the suspicions aroused against him enough on which to convict of a felony beyond a reasonable doubt? The presumption of his innocence weighs more in the face of the known or proven facts in this case than the conjectures and the suspicions shown. The evidence of guilt is entirely lacking. He may have been guilty; he may not be. It is not within the province of a jury to return a verdict of guilty unless the evidence shows guilt beyond a reasonable doubt. While this is a question for the jury, if there is proper and competent evidence of his guilt here such evidence was not given.

As before stated, defendant was defended and his rights poorly guarded. There is no question in this case on which error can be properly assigned save the one, there is no competent evidence to show his guilt. This is a question of law and may be examined by the court to prevent a miscarriage of justice in a felony case. Edwards v. United States (C. C. A.) 266 F. 848, and many other cases on this question there cited.

It follows, the judgment of conviction must be reversed as to both defendants for want of evidence to support the same, and a new trial ordered.