## HORTON v. UNITED STATES.
### No. 11363.

Circuit Court of Appeals, Fifth Circuit.

Oct. 27, 1945.

Hal Lindsay, of Atlanta, Ga., for appellant.

M. Neil Andrews, U. S. Atty., Joel B. Mallett, Sp. Asst. U. S. Atty., and J. Ellis Mundy, Asst. U. S. Atty., all of Atlanta, Ga., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

A. T. Horton was convicted on an indictment which contained three counts. Counts 1 and 2 were laid under 18 U.S.C.A. § 72 (Criminal Code, Sec. 28). The first count charged that Horton knowingly and willfully and with knowledge of their falsity and with the purpose of defrauding the United States Government, uttered and published 3,000 counterfeit sugar ration coupons. The second count charged that he had in his possession the same counterfeit sugar ration coupons with knowledge of their falsity and with the purpose of uttering and publishing them and thereby defrauding the Government. The third count was drawn under the Second War Powers Act of March 27, 1942, 50 U.S.C.A. Appendix, § 633 (5), General Ration Orders Nos. 3 and 8 as amended. This count charged that Horton knowingly and willfully accepted delivery of 15,000 pounds of sugar without surrendering certificates or stamps therefor.

The only errors relied upon are rulings on the evidence, and the refusal of the court to give for the defendant a directed verdict. So that, decision must turn upon the sufficiency of the evidence as to Horton's knowledge of the falsity of the sugar ration coupons.

The evidence is without dispute that the defendant, Horton, had in his possession and transferred to Lanier Brothers, wholesale grocers, on December 23, 1944, 1500 counterfeit sugar ration coupons and on December 27, 1944, 1500 more.

The evidence further showed that Horton had an allowable inventory of only 2500 pounds of sugar, and he was not permitted to purchase over that amount at any one time. On December 28, 1944, he purchased 28,000 pounds, and on other occasions he purchased sugar largely in excess of his inventory. According to the testimony of a witness who was in the employ of Horton, defendant counted the coupons which he was convicted of uttering. The difference in the counterfeit coupons and coupons which are genuine is apparent to the naked eye; the difference was pointed out to the jury. The defendant opened, but did not keep active after October 20, as provided by the regulations, a sugar ration bank account; however, he did keep such an account for meat points. The conten-

tion of the defendant was that he was an innocent victim of a man "dressed as a country merchant" who had obtained his confidence and had used the bogus coupons to purchase the sugar from the defendant. According to Horton's own testimony, as found in the record, this "country merchant," whose name he did not know, paid him the following amounts of money: December 23, 1944, $520 for 7500 pounds of sugar; December 26, 1944, $525 for 7500 pounds of sugar; and December 27, 1944, $350 for 5000 pounds of sugar, which adds to a total of 20,000 pounds which required 4,000 coupons. Furthermore, the testimony shows that Horton bought from Lanier Bros. and Rich & Morgan, who were wholesale grocers, the following amounts of sugar giving therefor counterfeit coupons: December 23, 1944, 7500 pounds, 1500 coupons; December 26, 1944, 7500 pounds, 1500 coupons; December 27, 1944, 7500 pounds, 1500 coupons, and December 28, 1944, 28,500 pounds, 5700 coupons; which totals to 51,000 pounds of sugar which was purchased with 10,200 coupons. With the exception of about 32, all the coupons here under consideration were found to be counterfeit.

We are of opinion that the verdict of the jury finding that Horton had knowledge of the falsity of the coupons is predicated upon substantial evidence, and did not require the pyramiding of inferences to reach that conclusion. Wilder v. United States, 10 Cir., 100 F.2d 177, 182; Zottarelli v. United States, 6 Cir., 20 F.2d 795.

We have carefully examined each and every assignment of error relating to the admission of evidence and we are unable to find reversible error on such rulings.

The sentence of the court as to counts 2 and 3 of the indictment is confusing and in some sort misleading, as it appears to be the intention of the court to suspend the prison sentences given in those two counts upon the payment of the fines. The court is without authority to indefinitely suspend a valid sentence of imprisonment or to suspend imprisonment indefinitely upon condition that a fine be paid. It may, however, suspend the execution of any valid sentence of imprisonment and place the defendant on probation for a definite period of time upon condition that the fine be paid. Campbell v. Aderhold, D.C., 36 F.2d 366; Hodges v. United States, 10 Cir., 35 F.2d 594; Id., 10 Cir., 36 F.2d 356;

Pernatto v. United States, 3 Cir., 107 F. 2d 372.

The judgment of conviction is affirmed and the cause is remanded with direction to resentence the defendant as to counts 2 and 3.

Affirmed and remanded.