**John Daniel BYARS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12822.**

United States Court of Appeals Sixth Circuit.

Oct. 17, 1956.

Z. T. Osborn, Jr., Nashville, Tenn., for appellant.

Fred Elledge, Jr., and Andrew M. Gant, Jr., U. S. Attys., Nashville, Tenn., for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Following trial by jury, appellant was found guilty under a three-count indictment charging unlawful possession of a still, unlawfully carrying on the business of a distiller, and unlawful possession of distilled spirits, and received a sentence of $300 fine and imprisonment of 179 days. Sections 2810(a), 2833(a) and 2803(a), Title 26, U.S.Code.

Part of the Government's evidence was the testimony of two witnesses who stated that Matthews, a co-defendant, when arrested, made the statement, not in the presence of the appellant, that he was paid $6 a day by the appellant for working at the still. This testimony, although hearsay, was not objected to at any time during the trial, and no motion for judgment of acquittal was made at the close of the Government's case or at the end of all the evidence in the case. Appellant concedes that the evidence, although weak, if competent and believed, was sufficient to take the case to the jury. He contends on this appeal that the foregoing hearsay testimony should be disregarded and the judgment reversed for lack of substantial, competent evidence to support the verdict. Moss v. United States, 6 Cir., 132 F.2d 875, 878; Loehr v. United States, 10 Cir., 54 F.2d 859.

The Court is of the opinion that the hearsay evidence, in the absence of objections to its admission, was properly considered by the jury, Diaz v. United States, 223 U.S. 442, 450, 32 S.Ct. 250, 56 L.Ed. 500; Clark v. McNeill, 6 Cir., 25 F.2d 247; that the weight to be given to such testimony in view of the attempt made to discredit it was also a question for the jury, Ross v. United States, 6 Cir., 197 F.2d 660, 665, certiorari denied 344 U.S. 832, 73 S.Ct. 40, 97 L.Ed. 648; and that it should not be disregarded by the Court on this review, Metcalf v. United States, 6 Cir., 195 F.2d 213, 216–217.

The judgment is affirmed.