**UNITED STATES of America**

v.

**Milton TEPFER.**

**Crim. A. No. 88–00183–03.**

United States District Court,
E.D. Pennsylvania.

Oct. 19, 1990.

---

pended and defendant is placed on probation for a term of five years to commence upon his release from prison on the special condition that he pay any unpaid portion of fines imposed on Counts 1 and 2, plus the special assessment of $100 on such terms as the probation office determines he is able.

Defendant Tepfer now claims his sentence violated *United States v. Sams*, 340 F.2d 1014, 1020 (3d Cir.), *cert. denied*, 380 U.S. 974, 85 S.Ct. 1336, 14 L.Ed.2d 270 (1965) because it "suspend[ed] imposition of sentence based upon payment of a fine."

Contrary to defendant's claim, this Court did not suspend imposition of a sentence based upon payment of a fine. Rather, this Court suspended imposition of sentence and placed defendant Tepfer on probation on the special condition that defendant Tepfer pay any unpaid portion of the fines imposed on Counts One and Two.[1] Such a sentence is authorized. 18 U.S.C. § 3651; *Horton v. United States*, 151 F.2d 406 (5th Cir.1945).

Willard S. Smith, Middle Atlantic Office, Antitrust Div., Philadelphia, Pa., for U.S.

Cheryl J. Sturm, West Chester, Pa., for defendant.

## MEMORANDUM

KATZ, District Judge.

Defendant Tepfer has filed a Motion Under 28 U.S.C. § 2255 to Vacate Sentence.

The Court of Appeals affirmed his conviction after a jury trial for Conspiracy in Restraint of Trade (Count 1) and Conspiracy to Defraud the United States (Count 2). This Court had sentenced defendant Tepfer, a second offender, as follows:

On Count 1, defendant is committed to the custody of the Attorney General or his duly authorized representatives for imprisonment for a term of eighteen months and shall pay a fine to the United States of $100,000.

On Count 2, defendant shall pay a fine to the United States of $100,000. Sentence of imprisonment on Count 2 is sus-

## ORDER

AND NOW, this 19th day of October, 1990, it is hereby ORDERED that Defendant Tepfer's Motion Under 28 U.S.C. § 2255 To Vacate Sentence is DENIED for the reasons stated in the foregoing Memorandum.

---

1. The government reports that defendant Tepfer, claiming financial hardship, is currently paying his $200,000 fine at the rate of $100 per month. At the time of sentencing in this matter, the Probation Department concluded that defendant Tepfer had "grossly" understated his income, noting Tepfer previously had reported a net worth of $700,000 and that all such assets appeared to have been transferred to his wife's name. Since his release on probation in this matter, Tepfer has refused to provide his probation officer with requested financial disclosure concerning his wife's assets, according to the government.