The RILEY HOSPITAL & BENEVOLENT ASSOCIATION, and Meridan-Riley Hospital Association, Plaintiffs-Appellants,

v.

Otis R. BOWEN, M.D., Secretary of Health & Human Services, and Blue Cross & Blue Shield of Mississippi, Inc., et al., Defendants-Appellees.

No. 85–4855.

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1986.

C. Jerome Kittrell, R.B. Deen, Jr., Meridian, Miss., for plaintiffs-appellants.

Eve H. Goldstein, Atty., Office of Gen. Counsel, Dept. of Health & Human Services, Atlanta, Ga., L.A. Smith, III, Asst. U.S. Atty., Jackson, Miss., for defendants-appellees.

Before CLARK, Chief Judge, RUBIN and GARZA, Circuit Judges.

GARZA, Circuit Judge:

This case involves a dispute between a provider hospital and the Secretary, acting through an intermediary, concerning the disallowance of certain portions of the provider's claim for reimbursement pursuant to the Medicare Act. The plaintiffs-appellants in this action, Riley Hospital and Benevolent Association and Meridian-Riley Hospital Corporation, both are Mississippi non-profit hospital corporations located in Meridian, Mississippi. Blue Cross and Blue Shield of Mississippi,[1] the intermediary, is a non-profit corporation acting on behalf of Blue Cross Association as a fiscal intermediary of the Medicare Act that makes payments to providers of hospital services pursuant to Part A of that act. 42 U.S.C. § 1395 et seq. In November, 1966, Meridian-Riley Hospital Corporation (Meridian-Riley) was organized to construct and maintain a public hospital. Although the hospital facility involved herein is owned by Meridian-Riley, the Riley Hospital and Benevolent Association (Riley Benevolent) operates the facility under a lease from Meridian-Riley pursuant to the provisions of § 1861(e) of the Medicare Act. 42 U.S.C. § 1395x(e).

For fiscal years 1969–1971 the provider, Riley Benevolent, included as an allowable reimburseable expense on its Medicare cost

---

1. Other named defendants, besides the Secretary of Health and Human Services, are the national Blue Cross Association and Martha McSteen, Commissioner of Social Security.

reports the basic rent paid to Meridian-Riley. However, after a determination by the intermediary that the provider (Riley Benevolent) and lessor (Meridian-Riley) were related through common control, the provider included as an allowable cost those elements which represented the cost of ownership, namely depreciation and interest. For fiscal years 1969–1972 audits by certified public accounting firms calculated the depreciable life of the hospital based on a twenty-four year period. However, Riley Benevolent's cost reports for fiscal years ending September 30, 1973 and September 30, 1974 were audited by Blue Cross & Blue Shield; the intermediary ruled that a forty-year depreciation schedule was proper and therefore decreased the reimbursement payments to Riley Benevolent. This disallowed cost resulted in a loss to the provider of approximately $27,157.00 for fiscal year 1973 and $33,099.00 for the fiscal year ending September 30, 1974, for a total of $60,256.00, plus interest.

The imposition of these adjustments was timely appealed to the Provider Reimbursement Review Board (PRRB or Board) of the Department of Health, Education and Welfare. Following a hearing, the Board upheld the intermediary's determination that the hospital's depreciation schedule be calculated over forty years rather than the twenty-four years useful life claimed by Riley Benevolent. On August 20, 1976, appellants filed a complaint in the United States District Court, Southern District of Mississippi, Eastern Division, requesting that the useful life of the hospital for purposes of reimbursement be calculated on a twenty-four year depreciation schedule. The complaint sought damages for the principal amounts denied appellants based on a forty year depreciation schedule, plus interest. The complaint stated that administrative appeals had not yet been exhausted for the fiscal years following fiscal year 1974.

The United States District Court entered its judgment in favor of appellants on the 10th day of April, 1981. The Secretary's appeal of the district court's decision was voluntarily dismissed on October 5, 1981.

On April 15, 1982, the Secretary filed a Rule 60 Motion to Correct the Judgment of 1981, but the district court denied the Secretary's motion for relief on August 22, 1983, insofar as it pertained to reduction of the $60,256.00 award. The court did modify the 1981 judgment to conform its award of interest to 42 U.S.C. § 1395oo.

Blue Cross & Blue Shield paid the principal amounts (the costs previously disallowed) due appellants in accordance with the amended order of the district court. Since the intermediary had made depreciation reimbursement adjustments in fiscal years 1975–79 based on the same forty year depreciation schedule, appellees included the previously disallowed depreciation costs for cost-reporting years 1975–79 with the payment. Appellants made repeated requests that appellees pay the interest allegedly due on the principal amounts paid for the years 1975–79, but appellees refused to pay the interest due on the principal amounts for these years.

On August 20, 1985, appellants filed a praecipe for execution in the district court requesting that the court issue a writ of execution against appellees for $48,742.00, a sum representing the interest on the principal amounts owed to appellants for the fiscal cost reporting years 1975–79. By order entered November 1, 1985, the United States District Court denied appellants' praecipe for execution, finding that "under the terms of the court's previous orders the plaintiffs' position is not well taken ... [and] the court is without authority to properly consider this issue." We agree.

■ Jurisdiction to review Medicare reimbursement determinations is available only as prescribed in the Medicare Act. *Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *Dr. John T. MacDonald Foundation, Inc. v. Califano*, 571 F.2d 328 (5th Cir.1978) (*en banc*), *cert. denied*, 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1979). The Medicare Act does not have its own statutory section precluding judicial review; rather, § 1395ii incorporates 42 U.S.C. § 405(h), which precludes

review of decisions under Title II of the Social Security Act.[2] Therefore, appeals from adverse determinations on cost reimbursement under the Medicare Act may be had only as specifically set forth by Congress. *See American Association of Councils of Medical Staffs of Private Hospitals, Inc. v. Califano*, 575 F.2d 1367 (5th Cir.1978), *cert. denied*, 439 U.S. 1114, 99 S.Ct. 1018, 59 L.Ed.2d 72 (1979). If a provider hospital is dissatisfied with the cost reimbursement determination of the Secretary or the intermediary, then the Medicare statute requires the provider to contest this determination before the PRRB, the administrative appeals board with exclusive jurisdiction to settle Medicare reimbursement claims. 42 U.S.C. § 1395oo (a).

The district courts have jurisdiction to review cost report adjustments under 42 U.S.C. § 1395oo (f)(1), but only after a final decision by the Board. Section 1395oo (f)(1) defines the jurisdiction of district courts and states, in pertinent part, that "[P]roviders shall have the right to obtain judicial review of any *final* decision of the Board." (emphasis added). 42 U.S.C. § 1395oo (f)(2) permits interest only for cost reporting years for which judicial review has been sought under § 1395oo (f)(1).

■ The complaint filed in this case specifically appealed reimburseable cost determinations by the PRRB for fiscal years 1973 and 1974. The district court had jurisdiction to rule on cost reporting years ending September 30, 1973 and 1974, years in which a final Board decision had been rendered, and interest was properly awarded for the payments due in those fiscal years. However, a final decision was not rendered by the PRRB for cost years ending September 30, 1975, 1976, and 1977 until February 27, 1985. Because there had been no final decision by the Board, the cost payments for these years were not within the jurisdiction of the district court when it made its order of 1981 or amended order of 1983. Therefore, with no jurisdiction, there can be no court order compelling the payment of interest. In fact, when appellants initiated this litigation, they recognized as much in paragraph 15 of their complaint.[3]

The district court had jurisdiction only over cost reporting periods for September 1973 and 1974, the only years which had been conclusively ruled on by the PRRB.

■ Riley Benevolent bases its claim for interest upon the language in its complaint which prays for relief for "all future years of cost reporting," and in the language of the district court's order which requires the use of a twenty-four year depreciation schedule for all cost reporting years subsequent to the fiscal year ending September 30, 1974.[4] According to appellants, this places in controversy all cost reporting

---

**2.** 42 U.S.C. § 405(h) reads:

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Secretary or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under this subchapter. (emphasis added).

**3.** The complaint states, in pertinent part,

"Plaintiff Riley Benevolent has not yet exhausted its administrative remedy with respect to the fiscal year ended September 30, 1975. When such remedy is exhausted, or in the event the parties stipulate such remedy need not be separately exhausted, plaintiffs reserve the right to amend this complaint to include their claim for the fiscal year ending

September 30, 1975, and to include any claims they have made for future fiscal years."

No amended complaint was filed and no stipulation was ever made.

**4.** The district court's order reads:

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiffs herein have judgment against the defendant in the sum of $60,256.00, together with lawful interest thereon, as computed and determined by the provisions of 42 U.S.C. § 1395oo (f)(2) (Supp. V, 1981), until paid by the defendant; that for all costs [sic] reporting years subsequent to the fiscal year ending September 30, 1974, the period of twenty-four (24) years, or the period coinciding with the final bond maturities in November, 1992, shall be used as the proper schedule or period over which to prorate and allocate depreciation of the hospital facilities of the plaintiffs.

years for which a forty year period of depreciation was used in determining lawful costs. The amount in controversy controlled by the district court's decision, though, cannot exceed the subject matter properly within the district court's jurisdiction. As the district court noted when it denied appellants' praecipe for execution, the question of payments for fiscal reporting years beyond 1973 and 1974 simply were not within the court's jurisdiction. Appellants argue here that the district court's order clearly encompasses later cost reporting years, but the district court itself states that plaintiffs' position is "not well taken" with regard to the request for interest for cost reporting years 1975–79. The fact that the Secretary paid the principal amounts owed for cost reporting years 1975–79 does not constitute a judicial admission that *interest* for those years is also owing. After obtaining an adverse judgment with regard to the useful life of the hospital facility, the Secretary prudently recognized that such a decision would be *stare decisis* and further appeal on the issue of depreciation life would be fruitless. The Secretary, therefore, paid the amount due under the twenty-four year depreciation schedule for all fiscal years, but was not bound by the district court's order nor by the statute to pay interest thereon except for the fiscal years within the court's subject matter jurisdiction.

Finding that the district court was without jurisdiction to order the award of interest for the cost reporting periods 1975–79, the denial of interest to appellants is

AFFIRMED.