**TUCSON MEDICAL CENTER, St. Cloud Hospital, Community Hospital, and Tucson Hospital Liquidating Corp., Plaintiffs,**

v.

**Louis W. SULLIVAN, Secretary, Department of Health and Human Services, Defendant.**

**No. CA 89–187SSH.**

United States District Court, District of Columbia.

Oct. 16, 1990.

Gail Schmerfeld, Washington, D.C., for plaintiffs.

Marcus Hallsted Christ, Dept. of Health and Human Services, Baltimore, Md., for defendant.

MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant's motion to dismiss, plaintiffs' motion for summary judgment, and defendant's motion to stay consideration of plaintiffs' motion. Upon review of the motions, the parties' oppositions, supplements, and the entire record, the Court grants defendant's motion to dismiss and denies the plaintiffs' motion, as well as denying defendant's motion to stay as moot.

*Background*

Plaintiffs, four hospitals, brought this action against the Secretary of the Department of Health and Human Services (the Secretary of HHS) seeking Medicare reimbursement plus interest under the Tax Equity and Responsibility Act of 1982 (TEFRA). Plaintiffs' claim is the third generation of litigation born of the Secre-

tary's improper adoption in 1981 of a cost limit schedule for hospitals that provide care to Medicare beneficiaries. The Secretary has paid plaintiffs' underlying claims for reimbursement; the question remains whether plaintiffs are entitled to interest under 42 U.S.C.A. § 1395oo(f)(2).

A hospital that participates in the Medicare program is reimbursed by a fiscal intermediary such as Blue Cross Blue Shield. 42 U.S.C.A. § 1395h (1990). The hospital submits a cost report for each fiscal year. *Id.* § 1395g. Guided by the Secretary's regulations and cost limits, the fiscal intermediary determines the amount to reimburse the hospital. A provider may appeal the intermediary's determination to the Provider Reimbursement Review Board (PRRB) of HHS. *Id.* § 1395oo. In turn, the PRRB's final decision is subject to judicial review. *Id.* § 1395oo(f)(1). In § 1395oo(f)(2), the Medicare statute authorizes the reviewing court to award interest if the provider is the "prevailing party." *Id.* § 1395oo(f)(2).

In 1982, Congress modified the Medicare cost reimbursement system and enacted TEFRA. Pub.L. No. 97–248, 42 U.S.C.A. § 1935ww(b). TEFRA governs only one fiscal year of Medicare reimbursement because Congress replaced it in 1983 with the current "prospective payment system." Pub.L. No. 98–21, 42 U.S.C.A. § 1395ww(d). Under TEFRA, the Secretary calculates a "target amount" for each provider. In part, the provider's allowable costs for its "base year," the year immediately preceding TEFRA, determines its target amount. 42 U.S.C.A. § 1395ww(b)(3)(B). A provider receives 100% reimbursement plus an incentive payment if its costs are lower than the target amount. Costs above the target amount, however, are only 25% reimbursed. 42 U.S.C.A. § 1395ww(b)(1).

In 1981, prior to TEFRA, the Secretary issued technical changes to the cost limits without conducting proper notice and comment proceedings. One of the changes affected the method for calculating the "wage index" which reflects hospital employees' salaries in a given geographic area. This court struck the wage index in 1983 because of the procedural defects. *District of Columbia Hosp. v. Heckler,* No. 82–2520 (D.D.C.1983) (Judge Oberdorfer); *St. Cloud Hosp. v. Heckler,* No. 83–0223 (D.D.C.1983) (Judge Oberdorfer). As a result, the Secretary had to reimburse the hospitals using the preexisting wage index to calculate cost limits.

In 1984, the Secretary attempted to reinstate the invalidated wage index retroactively for a fifteen-month period beginning July 1, 1981. HHS then recouped the money previously paid to the hospitals. Several hospitals challenged the Secretary's retroactive rulemaking through administrative and judicial appeal. In *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), the Supreme Court held in the hospitals' favor, forcing the Secretary to return the recouped funds.

During the pendency of *Georgetown,* the plaintiff hospitals in this action pursued an appeal of the wage index before the PRRB. Plaintiffs' claim was distinct from the *Georgetown* action only in that it involved the effect of the retroactive wage index on the TEFRA year reimbursement rather than the 1981–82 reimbursement. The Secretary's retroactive change in the 1981 wage index had altered the allowable costs for plaintiffs' base year, thereby altering their TEFRA target amounts and their TEFRA year reimbursement.

The PRRB granted expedited judicial review status for plaintiffs' claims shortly before the Supreme Court handed down its decision in *Georgetown* on December 12, 1988. Plaintiffs did not file this action until January 25, 1989. One day later the Secretary issued a ruling conceding that *Georgetown* invalidated the retroactive wage index for TEFRA year calculation. *See* Health Care Financing Administration Ruling (HCFAR) 89–1. Within two months, HHS reimbursed all of the plaintiffs for the TEFRA amounts denied as a result of the invalid wage index. Plaintiffs maintain that they are entitled to interest on those amounts as prevailing parties within the meaning of 42 U.S.C.A. § 1395oo(f)(2).

## Discussion

■ Defendant argues that plaintiffs' claim is moot because the Supreme Court resolved the underlying wage index dispute in *Georgetown* and because the Secretary fully satisfied plaintiffs' TEFRA year reimbursement. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979); *Powell v. McCormack*, 395 U.S. 486, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Under the case or controversy requirement of Article III of the Constitution, a federal court lacks jurisdiction to decide a moot case. *See, e.g., Boston Firefighters Union v. Boston Police Patrolmen's Ass'n*, 468 U.S. 1206, 104 S.Ct. 3576, 82 L.Ed.2d 874 (1974). Therefore, a court must dismiss an action that becomes moot during the course of litigation. *See, County of Los Angeles*, 99 S.Ct. at 1384; *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950).

■ The Supreme Court settled the underlying legal dispute concerning the retroactive adoption of the wage index in *Georgetown*, 109 S.Ct. 468 (1988). That decision triggered the doctrines of stare decisis, collateral estoppel, and res judicata as to future claims against the Secretary on the same issue. For this reason, the parties lacked "a legally cognizable interest in the outcome" of this action from the time it was filed. Furthermore, any dispute regarding *Georgetown's* actual effect on TEFRA reimbursement or the actual amount owed was not yet ripe. The Secretary laid to rest the possibility of a dispute on those matters when he notified the hospitals that HHS would recalculate TEFRA reimbursement and when he paid the plaintiffs' underlying claims in full.

Plaintiffs claim that, despite the precedential effect of *Georgetown*, they have satisfied the requirements to recover interest under 42 U.S.C.A. § 1305*oo*(f)(2). The section states "[w]here a provider seeks judicial review pursuant to paragraph (1), the amount in controversy shall be subject to annual interest ... to be awarded by the reviewing court in favor of the prevailing party." 42 U.S.C.A. § 1395*oo*(f)(2). Thus, there are three requirements for an award of interest under the Medicare Act: (1) the provider must seek judicial review pursuant to § 1395*oo*(f)(1), (2) there must be an amount in controversy, and (3) the provider must be a prevailing party. Plaintiffs argue that there was a live dispute and an amount in controversy at the time they sought judicial review. They further contend that the Secretary's subsequent concession on the merits and payment of the underlying claim qualifies them as prevailing parties. The fact that their claim is moot, however, prevents it from satisfying the standards of § 1395*oo*(f)(2).

Plaintiffs contend that their claim meets the first requirement of § 1395*oo*(f)(2) which incorporates the standards for seeking judicial review under § 1395*oo*(f)(1). *See* 42 U.S.C.A. § 1395*oo*(f)(2).[1] Plaintiffs interpret this section to require exhaustion of administrative remedies and point to their expedited judicial review status as of November 1988. Although exhaustion of administrative remedies is certainly § 1395*oo*(f)(1)'s main requirement, there can be no argument that it overrides the constitutional case and controversy requirement. Exhaustion of administrative remedies is simply an addition to the minimum jurisdictional requirements. Because plaintiffs' challenge to the wage index is moot, their claim does not meet the standards for proper judicial review.

Plaintiffs' claim for interest standing alone also cannot satisfy § 1395*oo*(f)(2). The section authorizes interest on "the amount in controversy." *Id.* The "amount

---

**1.** Section 1395*oo*(f)(1) provides:
  Providers shall have the right to obtain judicial review of any final decision of the Board ... by a civil action commenced within 60 days of the date on which notice of any final decision of the Board ... is received. Provid-ers shall also have the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law or regulations relevant to the matters in controversy whenever the Board determines ... that it is without authority to decide the question.

in controversy" clearly presupposes an underlying claim which satisfies the procedural requirements of § 1395oo(f)(1) and which provides a basis for the interest award. For the reasons set forth earlier, no valid underlying claim existed when plaintiffs filed this action; therefore, there is no basis for an interest award under § 1395oo(f)(2).[2]

Plaintiffs contend that there was an amount in controversy when they brought this action. They argue that *Georgetown* did not guarantee them increased reimbursement for the TEFRA year despite the interrelation between the wage index, allowable base year costs, and TEFRA reimbursement. They note that each fiscal year is distinct for Medicare reimbursement, so that a provider must preserve its appeal rights regarding a specific regulation for each year of its application. *Id.* § 1395oo; see *Riley Hosp. & Benevolent Ass'n*, 804 F.2d 302 (D.C.Cir.1986). Plaintiffs' attorneys relate past professional experiences in which the Secretary has forced providers to exhaust administrative remedies for each year of a cost disallowance. (Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss at 16–18) (Plaintiffs' Memorandum). Given this history, plaintiffs argue that filing this action was necessary to preserve their appeal rights against the Secretary's possible refusal to follow *Georgetown*. These experiences validate plaintiffs' strategic decision not to allow the 60–day period for filing to elapse. Nevertheless, the Secretary's actual payment in full of the underlying claim eliminated the potential dispute. The mere fact that plaintiffs filed within the statutory time cannot cure the mootness of their claim.

Finally, plaintiffs argue that they are prevailing parties because the filing of this lawsuit served as the "catalyst" that prompted the Secretary to reimburse them. Again plaintiffs' attorneys refer to their professional experience and note that their other clients with identical claims pending at the administrative level have not been reimbursed. Plaintiffs' Memorandum, at 21–23; Plaintiffs' Third Supplemental Memorandum, at 1–2 (hospitals involved in *Georgetown* had not received TEFRA reimbursement as of April 9, 1990). Courts have considered the "catalytic effect" of a claim a factor that identifies a prevailing party under several federal statutes. *See, e.g., Comm'rs Court of Medina County v. United States*, 683 F.2d 435, 440 (D.C.Cir. 1982) (Voting Rights Act); *Chicano Police Officer's Ass'n v. Stover*, 624 F.2d 127, 131 (10th Cir.1980) (Title VII of the Civil Rights Act). In each such case, however, the claim involved a properly pending live controversy at the time it served as a catalyst for relief. *See Medina*, 685 F.2d 435; *Chicano Police*, 624 F.2d 127.

Even if filing the complaint in this Court did precipitate plaintiffs' reimbursement, the Court cannot award them interest without jurisdiction over their claim. The Court of Appeals rejected an argument similar to the plaintiffs' in *Riley Hosp. & Benevolent Ass'n v. Bowen*, 804 F.2d 302 (D.C.Cir.1986). In *Riley*, the plaintiff successfully challenged the depreciation schedule used to calculate its reimbursement. The Secretary dropped his appeal and agreed to reimburse the plaintiff for all the years that the invalid schedule had been in effect. *Id.* at 304. Plaintiff then sought interest on the amounts it received. The Court of Appeals noted that the complaint itself only involved the cost reporting years 1974 and 1975, therefore it held that the District Court only had jurisdiction over those years. The *Riley* court concluded that § 1395oo(f)(2) only authorizes interest awards on claims properly within the court's subject matter jurisdiction. *Id.* at 305. Although the plaintiff's claim in *Riley* clearly catalyzed its recovery for all the years of the invalid schedule, plaintiff only

---

**2.** The Court agrees with the holding in *National Medical Enterprises v. Sullivan*, No. 89–5156 WDK (sx) (C.D.Cal. July 5, 1990) (*NME*), that jurisdiction over a claim for interest alone exists under § 1395oo(f)(1). However, the terms of § 1395oo(f)(2) require a valid underlying claim for an "amount in controversy." The situation envisioned by the *NME* court is one in which payment of interest itself is the subject of Board action and the interest claim serves as the "amount in controversy." *See id.* at 7–8.

recovered interest for the two years that actually reached judicial review before the Secretary settled. *Id.* Similarly, this Court cannot award plaintiffs interest on their moot claim because it does not have jurisdiction over that claim.

### Conclusion

The Supreme Court's decision in *Georgetown Univ. Hosp. v. Bowen* rendered moot plaintiffs' challenge to the Secretary's retroactive adoption of the wage index. The Court therefore lacks subject matter jurisdiction over plaintiffs' claims. Under the terms of 42 U.S.C.A. § 1395oo(f)(2), the Court must have jurisdiction over an underlying amount in controversy to award interest to a prevailing party. There is no such underlying claim in this case.

In light of the above, defendant's motion to dismiss is granted, plaintiff's motion for summary judgment is denied, and defendant's motion to stay is denied.

SO ORDERED.