**STATE of Tennessee, Appellant,**

v.

**Albert L. PORTER, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

Aug. 17, 1994.

Mandate Issued Sept. 21, 1994.

Charles W. Burson, Atty. Gen., and Rebecca L. Gundt, Asst. Atty. Gen., Nashville, John W. Pierotti, Jr., Dist. Atty. Gen., and Janet L. Shipman, Asst. Dist. Atty. Gen., Memphis, for appellant.

Walker Guinn, Asst. Public Defender, Memphis, for appellee.

### *OPINION*

TIPTON, Judge.

The state has appealed as of right from the Shelby County Criminal Court's dismissal of a felony prosecution against the defendant, Albert L. Porter, on the same day it granted him judicial diversion in the case pursuant to T.C.A. § 40-35-313. The question presented in this case is what is the minimum time a defendant must serve on probation pursuant to judicial diversion of a felony.

The defendant was indicted on January 28, 1992, for aggravated burglary, a Class C felony, and theft of property valued between one thousand and ten thousand dollars, a

Class D felony. On March 26, 1993, the case was before the trial court for disposition and the trial court was advised that the defendant would enter a guilty plea to aggravated burglary, that the state would recommend a three-year sentence and five hundred dollar fine, and that the defendant was requesting judicial diversion. Under questioning by the trial court, the defendant testified that he had a good job which he lost because of the charges, but that he thought he could get the job back if the charges were dropped.

The transcript of the hearing reflects that the trial court was duly impressed by the defendant's work history and desired to enable the defendant to return to his former employment. On the same day, the trial court entered (1) an order of "Deferment of Sentence" purportedly pursuant to T.C.A. § 40–35–313, (2) an order of dismissal with prejudice after completion of judicial diversion, and (3) an order expunging the public records of the prosecution.

■ The state contends that the trial court did not have the authority to dismiss the case under judicial diversion until the defendant had successfully been on probation for, at least, the period of time required for the minimum sentence of the felony involved. The defendant responds that the trial court is not limited by the minimum sentence available for the offense, but is authorized to require probation for any period of time which is "reasonable" under the circumstances of the case, except not more than the period of the maximum sentence of the felony involved. In this regard, he contends that his loss of a job of twenty-two years duration, his resulting unemployment and receipt of unemployment benefits, and his opportunity to get his job back if the charges were dropped are circumstances which show the trial court's immediate dismissal to be reasonable.

In pertinent part, the judicial diversion statute provides as follows:

*40–35–313. Probation—Conditions—Discharge—Expungement from official records.*—(a)(1) If any person who has not previously been convicted of a felony or a Class A misdemeanor is found guilty or pleads guilty to a misdemeanor which is punishable by imprisonment or a Class C, D or E felony, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place him on probation upon such reasonable conditions as it may require and for a period of time not less than the period of the maximum sentence for the misdemeanor with which he is charged, or not more than the period of the maximum sentence of the felony with which he is charged. . . .

A violation of a condition of probation will authorize the trial court to enter a judgment of guilt and to proceed accordingly. Successful completion of the probation period will result in a dismissal of the proceedings and the opportunity to have the official records expunged. T.C.A. § 40–35–313(a)(2), (b).

The state seeks support for its position by referring to T.C.A. § 40–35–303(c) which requires that probation for a sentence which is to be suspended must be "for a period of time no less than the minimum sentence allowed under the classification and up to and including the statutory maximum time for the class of the conviction offense." It contends that sections 303(c) and 313(a)(1) should be read to be *in pari materia*, i.e., dealing with the same subject matters, so as to be construed together and to provide the offense class minimum sentence as the minimum period of time of probation for judicial diversion.

The defendant attempts to turn the state's argument to his own advantage. He states that the fact that the legislature specifically provided for a minimum probation time in section 303(c), while not so providing for judicial diversion, reflects a legislative intent *not* to require a set minimum period for such a diversion. Also, he argues that it would be more logical to consider the judicial diversion statute to be *in pari materia* with the pretrial diversion statutes, which provide for suspension of a prosecution and imposition of conditions for "a specified period, not to exceed two (2) years from the filing of the memorandum of understanding. . . ." T.C.A. § 40–15–105(a). Thus, he reasons that the specific omission of a minimum judicial diversion time period should be viewed to be the

same as the omission of a minimum pretrial diversion time period. It is in this fashion that he comes to the conclusion that the trial court may impose any period of time which is shown to be reasonable under the circumstances of the case.

■ We conclude that the legislature intended for judicial diversion pursuant to T.C.A. § 40–35–313 to require a period of probation which is, at least, as long as the minimum sentence for the felony involved, although we acknowledge that the statute is inartfully worded. As a starting point, we note that a misdemeanor sentence may be imposed with no period of imprisonment while a felony sentence requires, at least, a minimum term of imprisonment with its length being set by the felony class involved. *See* T.C.A. § 40–35–111. For judicial diversion of a misdemeanor, the legislature expressly mandated that the period of probation is to be the same length as the maximum sentence for the misdemeanor involved. Thus, for example, judicial diversion for a Class A misdemeanor cannot be completed before eleven months, twenty-nine days. Given this requirement for misdemeanors, it would be irrational and inconsistent to conclude that the legislature intended to allow any time period which a trial court may desire, including no time at all, to be used for felony judicial diversions.

Judicial diversion avoids the collateral consequences of a criminal conviction by giving selected offenders who have been found guilty of a criminal offense the means to be restored fully to useful and productive citizenship. It differs from pretrial diversion which carries the additional purpose of spar-ing a selected defendant the "stigma, embarrassment and expense of trial" regardless of whether the defendant is actually guilty of the offense. *See Pace v. State,* 566 S.W.2d 861, 868 (Tenn.1978) (Henry, C.J., concurring). Indeed, the fact that a defendant seeking judicial diversion stands before the trial court having already been found guilty—ready to be sentenced within the felony class and range applicable to him and the offense involved—places that defendant in a dramatically different posture than one who is seeking pretrial diversion. In this respect, the probation provided by T.C.A. § 40–35–313 is more closely akin to the probation provided by T.C.A. § 40–35–303 for a sentence actually imposed than it is to a defendant's status under pretrial diversion. Therefore, we believe that the minimum period of probation which must be imposed by law for a felony if judicial diversion is not granted constitutes the minimum period of probation allowable for judicial diversion for that felony offense.

The orders of dismissal and expungement are reversed. The case is remanded to the trial court for such action as may be appropriate and consistent with this opinion.

WHITE, J., and J.S. DANIEL, Special Judge, concur.