IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1997 SESSION

FILED

September 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9610-CC-00441 |
| Appellee, | ) | |
| | ) | WILLIAMSON COUNTY |
| VS. | ) | |
| | ) | HON. DONALD P. HARRIS, JUDGE |
| EDWARD IROGHUEHI ISIBOR, | ) | |
| | ) | (Resisting Arrest) |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

STEPHEN CROFFORD
209 10TH Avenue, South
Suite 511
Cummins Station
Nashville, TN 37203

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

PETER M. COUGHLAN
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

JOSEPH D. BAUGH, JR.
District Attorney General

DEREK SMITH
Assistant District Attorney General
P. O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

AFFIRMED AS MODIFIED

JOE G. RILEY,
JUDGE

_____ OPINION

On July 30, 1996, Edward Iroghuehi Isibor was found guilty at a bench trial of resisting arrest, a Class B misdemeanor. The trial court placed defendant on judicial diversion with eleven (11) months and twenty-nine (29) days probation. Defendant complains that the trial court erred in allowing consolidation of the initial and subsequent indictments, and the evidence is insufficient to sustain the trial court's finding of guilt. We find these issues to be without merit and AFFIRM the trial court in the finding of guilt. Although the issue was not raised, the judgment of the trial court must be modified to reflect judicial diversion with six (6) months probation.

## PROCEDURAL HISTORY

On May 5, 1994, the grand jury of Williamson County, Tennessee, returned a three-count indictment (No. I-77-594) alleging that on February 26, 1994, the defendant:

> (1) unlawfully and knowingly did in a public place and with the intent to cause public annoyance or alarm, create a hazardous and physically offensive condition by an act that served no legitimate purpose, in violation of Tennessee Code Annotated [Section] 39-17-305 [disorderly conduct];
>
> (2) unlawfully and intentionally did flee from . . . a duly appointed law enforcement officer, said officer being known to defendant to be a law enforcement officer, at a time when the said defendant had been arrested or knew the said officer was attempting to arrest him, in violation of Tennessee Code Annotated, Section 39-16-603 [evading arrest];
>
> (3) unlawfully did prevent and obstruct . . . a duly appointed officer . . . by using force, when the said officer . . . attempted to lawfully arrest [him]. . . in violation of Tennessee Code Annotated Section 39-16-602 [resisting arrest].

On September 26, 1994, defendant filed a motion to dismiss count one of the indictment alleging the underlying disorderly conduct statute to be "unconstitutionally vague and/or violating due process and or infringing upon defendant's right of free speech." On October 24, 1994, the trial court ordered the state to provide a Bill of Particulars setting forth the specific offending actions.

On December 12, 1994, a second indictment (No. I-239-1294) based on the

2

same incident was returned alleging that defendant:

> unlawfully, knowingly and with intent to cause public annoyance or alarm, did in a public place engage in fighting or in violent or threatening behavior, in violation of Tennessee Code Annotated 39-17-305(a)(1) [disorderly conduct].

On December 28, 1994, defendant moved to require the state to "dispose of" Indictment Number I-77-594, claiming the second indictment to be a "superseding indictment." The trial court consolidated the two indictments for trial.

Defendant was tried by jury on January 25, 1995. At the close of the state's proof, the trial court entered a judgment of acquittal as to count two [evading arrest] in case I-77-594. The jury was unable to agree on a verdict as to counts one [disorderly conduct] and three [resisting arrest] of I-77-594, and as to count one [disorderly conduct] in I-239-1294. The trial court declared a mistrial as to these three remaining counts.

The defendant was subsequently tried at a bench trial. The court found him "guilty" of resisting arrest in count three in case I-77-594 and "not guilty" of disorderly conduct in I-77-594 and I-239-1294. Defendant was placed on judicial diversion based on the conviction for resisting arrest.

## SUFFICIENCY OF THE EVIDENCE

### A.

When an accused challenges the sufficiency of the convicting evidence, our standard of review is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this Court. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). Nor may this Court reweigh or re-evaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom.

3

Id. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

The offense of resisting arrest requires a person:

> to intentionally prevent or obstruct anyone known to the person to be a law enforcement officer . . . from effecting a stop, frisk, halt, arrest or search of any person, including the defendant, by using force against the law enforcement officer or another.

Tenn. Code Ann. § 39-16-602(a). "Force" means compulsion by physical power or violence and is to be broadly construed. Tenn. Code Ann. § 39-11-106(a)(12).

**B.**

The state's proof showed that defendant ignored an officer who was on patrol in the Franklin Wal-Mart parking lot when he approached defendant's automobile and asked him to move from the fire lane. Defendant pointed to the car ahead of him, and the officer indicated that he would also take care of that car. Before the officer arrived at the second car, he noticed that defendant was making no efforts to move his vehicle. Returning to defendant's car, the officer tapped on the driver's window. Defendant would not lower his window, so the officer went to the rear of the car to obtain license plate information. The officer radioed for backup because of the unusual behavior of the defendant. Defendant, shouting at the officer, rolled down his window as the officer approached. The officer told defendant to calm down, and defendant did not comply. The officer explained that defendant could be charged with disorderly conduct. Defendant laughed at the officer and pulled away.

Defendant went to a regular parking space. The officer followed and parked behind defendant. Defendant began walking toward Wal-Mart, and the officer asked for identification. The officer testified to specific language used by defendant that reflected a disregard for authority and disdain for the officer.

Defendant yelled and became aggressive in his approach to the officer, causing the officer to step back briefly. The officer told the defendant he was placing

4

him under arrest for disorderly conduct. Defendant turned to walk away again, and the officer again told him he was under arrest. The defendant stated that the officer could not arrest him and kept walking away. The officer grasped defendant's clothing between his shoulder blades. Defendant struggled against the officer's efforts to detain him. Defendant flailed his arms and also struggled in an effort to avoid being handcuffed. The officer finally sprayed defendant's face with "Freeze" in order to subdue him.

The defendant testified in contradiction to much of the state's proof. Specifically, defendant testified that he did not struggle with the officer. In essence, he denied that he resisted arrest.

This Court does not reweigh the evidence. This Court does not judge the credibility of witnesses. The trial judge obviously believed the officer's testimony and found the defendant used physical power (force) in obstructing the officer's efforts to arrest him. Therefore, the evidence is sufficient to support the guilty finding of resisting arrest. Whether the arrest was or was not supported by probable cause is not determinative as to whether defendant resisted arrest. A defendant may still be guilty of resisting arrest even if the arrest is unlawful. Tenn. Code Ann. § 39-16-602(b). This issue is without merit.

## SUBSEQUENT INDICTMENT

Defendant contends all three counts of the first indictment should have been dismissed by the trial court upon the return of the subsequent indictment which charged one count of disorderly conduct. Specifically, defendant contends Tenn. R. Crim. P. 8(a) requires that such offenses must be joined in a single indictment.

Tenn. R. Crim. P. 8(a) provides that "[t]wo or more offenses shall be joined in the same indictment . . . with each offense stated in a separate count, or consolidated pursuant to Rule 13 if the offenses are based upon the same conduct or arise from the same criminal episode and if such offenses are known to the appropriate prosecuting official at the time of the return of the indictment. . ." The

purpose of the rule is to prevent a defendant from being subjected to separate trials for multiple offenses based upon the same conduct. *See* King v. State, 717 S.W.2d 306 (Tenn. Crim. App. 1986). Defendant overlooks that portion of the above-mentioned rule which states that the offenses shall be joined in the same indictment "or consolidated pursuant to Rule 13." These indictments and offenses were consolidated by the trial court; therefore, there was no violation of Tenn. R. Crim. P. 8(a). This issue is without merit.

## DURATION OF JUDICIAL DIVERSION

Tenn. Code Ann. § 40-35-313(a)(1) specifies that the court may " . . . place the person on probation upon such reasonable conditions as it may require and for a period of time not less than the period of the maximum sentence for the misdemeanor with which he is charged . . ." While the statute omits the maximum length of probation, this Court has held that the period of probation is to be the same length as the maximum sentence for the misdemeanor involved. State v. Porter, 885 S.W.2d 93, 95 (Tenn. Crim. App. 1994). Since resisting arrest is a Class B misdemeanor with a maximum sentence of six (6) months, the period of probation for judicial diversion must be six (6) months rather than eleven (11) months and twenty-nine (29) days.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the trial court in all respects except that the judgment must be modified to reflect six (6) months probation for judicial diversion.

6

_____
JOE G. RILEY, JUDGE


CONCUR:


_____
CURWOOD WITT, JUDGE


_____
JOE H. WALKER, III, SPECIAL JUDGE