IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 29, 2002 Session

**STATE OF TENNESSEE v. JULIA M. WARD**

**Direct Appeal from the Criminal Court for Knox County**
**No. 68911     Mary Beth Leibowitz, Judge**

_____

**No. E2002-01381-CCA-R9-CD**
**May 12, 2003**
_____

The Defendant, a teacher, was indicted for three counts of assault against one of her students. She offered to enter a plea of nolo contendere on Count II in exchange for judicial diversion and the dismissal of the remaining two counts. The State rejected the Defendant's plea of nolo contendere and maintained that the Defendant would have to plead guilty in order to receive judicial diversion. The Defendant refused the offer and requested pretrial diversion. The State denied the Defendant's request. The Defendant filed a petition for writ of certiorari to the Knox County Criminal Court. The trial court denied the petition. The trial court then filed an order permitting interlocutory appeal to this Court. This Court granted the Defendant's application for interlocutory review. In this appeal, the Defendant argues that the State abused its discretion by denying the Defendant pretrial diversion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

David S. Wigler, Knoxville, Tennessee, for the appellant, Julia M. Ward.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; Randall E. Nichols, District Attorney General; Jennifer H. Welch, Patricia Cristil and Steven C. Garrett, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

The Defendant argues that the trial court erred by ruling that the prosecution did not abuse its discretion by denying her pretrial diversion. Pretrial diversion allows the district attorney general to suspend prosecution for a period of up to two years against a defendant who meets certain statutory requirements. See Tenn. Code Ann. § 40-15-105(a)(1)(A). In order to qualify for pretrial diversion, the defendant must not have previously been granted diversion under this statute; must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior

felony conviction within a five-year period after completing the sentence or probationary period for such prior conviction; and must not be seeking diversion for a Class A or B felony, a sexual offense,[1] driving under the influence, or vehicular assault. Id. § 40-15-105(a)(1)(B)(i)(a)-(c). Such eligibility does not presumptively entitle a defendant to pretrial diversion, but rather places such a decision within the discretion of the district attorney so long as the defendant is statutorily qualified. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999).

It is the defendant's duty to demonstrate suitability for pretrial diversion. State v. Winsett, 882 S.W.2d 806, 809-10 (Tenn. Crim. App. 1993). However, this requirement does not relieve the prosecutor of his or her duty to consider and articulate all the relevant factors. Curry, 988 S.W.2d at 157. The district attorney is required to consider all relevant factors when determining whether or not to grant pretrial diversion. State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). The Tennessee Supreme Court has outlined the criteria that should be considered by the prosecutor in granting or denying pretrial diversion:

> When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983); see also Curry, 988 S.W.2d at 157.

Where pretrial diversion is denied by the district attorney, the factors and evidence considered in making the decision must be clearly set forth in writing along with the weight accorded to each factor. State v. Pinkham, 955 S.W.2d 956, 960 (Tenn. 1997); Winsett, 882 S.W.2d at 810. The factors must be "clearly articulable and stated in the record." Hammersley, 650 S.W.2d at 355. Failure to consider and articulate all of the relevant factors constitutes an abuse of discretion. See Curry, 988 S.W.2d at 157-58.

A defendant who has been denied pretrial diversion by the district attorney has the right to petition for a writ of certiorari to the trial court for an abuse of prosecutorial discretion. Tenn. Code Ann. § 40-15-105(b)(3). Although a district attorney's decision to grant or deny pretrial diversion is presumptively correct, a trial court may overrule a district attorney's denial of pretrial diversion where there has been an abuse of discretion See Hammersley, 650 S.W.2d at 356. However, the trial judge cannot simply substitute his or her own judgment for that of the district attorney. State v. Watkins, 607 S.W.2d 486, 488 (Tenn. Crim. App 1980). To show prosecutorial abuse of

---

[1]Statutory rape is not included as a "sexual offense" for which a defendant would be disqualified from seeking pre-trial diversion. See Tenn. Code Ann. § 40-15-105(a)(1)(B)(ii)(a)-(h).

discretion, the record must lack any substantial evidence to support the denial of pretrial diversion. <u>Curry</u>, 988 S.W.2d at 158.

The legislature has vested the authority to prosecute a case or divert it with the prosecutor rather than the court. <u>See</u> Tenn. Code Ann. § 40-15-105; <u>Carr</u>, 861 S.W.2d at 858. The trial court "must not re-weigh the evidence, but must consider whether the district attorney general has weighed and considered all of the relevant factors and whether there is substantial evidence in the record to support the district attorney general's reasons for denying diversion." <u>State v. Yancey</u>, 69 S.W.3d 553, 559 (Tenn. 2002). On appeal, this Court is "bound by the factual findings made by the trial court unless the evidence preponderates against them." <u>State v. Bell</u>, 69 S.W.3d 171, 177 (Tenn. 2002). An appellate court should apply the preponderance of the evidence standard of review of the trial court's decision regarding a prosecutor's abuse of discretion. <u>Curry</u>, 988 S.W.2d at 158. "When the facts are undisputed, the underlying issue that this [C]ourt must determine on appeal remains whether, as a matter of law, the prosecutor abused his or her discretion in denying pretrial diversion." <u>State v. Carriger</u>, No. E2000-00823-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 966, at *13 (Tenn. Crim. App., Knoxville, Dec. 20, 2000).

> In denying pretrial diversion in this case, the prosecutor stated the following:
>> Applying these [pretrial diversion] factors to this case, I would note that [the Defendant] has no criminal record. Also, there is a note in the file that states that the Knox County math supervisor says that [the Defendant] was the best middle school math teacher in the entire county, that her students were crazy about her, and that she had no problems with students, however, that she did have problems with staff and supervisors.
>> The circumstances of the offense in this case way [sic] heavily against [the Defendant]. She was forty-two (42) years old at the time this assault occurred. The victim, James Hunter, was twelve (12) years old. As his math teacher, [the Defendant] was in a position of trust in relation to Mr. Hunter. She violated this trust by entering the boys' bathroom in a fit of rage, and grabbing Mr. Hunter by the throat and pushing him against the wall. She further violated this trust by threatening him with bodily injury. The need to deter this sort of behavior weighs heavily.
>> Also in our file, are documents that appear to be from [the Defendant]'s personnel file. I have attached hereto a document titled Summary of Conference of Concern dated March 20, 1998, a letter to [the Defendant] from Betty Sue Sparks dated May 1, 1998, and document titled Written Reprimand dated May 5, 1998. These documents indicate to me that [the Defendant] has trouble controlling her temper. In the written reprimand there is an allegation that she threatened to beat up a principle of the school where she worked. This is of great concern considering the nature of these charges. These documents also indicate that [the Defendant] has trouble complying with authority. This attitude indicates to me that she is not someone who is amenable to correction.

The prosecution clearly articulated in the letter its reasons for denying the Defendant pretrial diversion. In addition, the prosecution noted several factors in the Defendant's favor. However, the

prosecutor ultimately denied the Defendant pretrial diversion. Because the prosecutor clearly articulated the relevant factors that were considered, we conclude that there was no abuse of discretion. Therefore, the trial court properly ruled that the prosecutor's decision to deny pretrial diversion was not an abuse of prosecutorial discretion.

The Defendant further argues that the prosecutor abused his discretion by applying a higher standard to the relevant factors for pretrial diversion than for judicial diversion. The Defendant stated that she agreed to enter a plea of nolo contendere on Count II in exchange for judicial diversion and the dismissal of the remaining two counts of the indictment. The prosecution rejected the Defendant's plea of nolo contendere and maintained that the Defendant would have to plead guilty in order to receive judicial diversion. The Defendant refused the offer and requested pretrial diversion. The prosecution subsequently denied the Defendant's request.

Although the Defendant correctly notes that judicial diversion and pretrial diversion are similar, "they are nonetheless separate and distinct legislative concepts taking place at different points in legal proceedings." State v. Doyle R. Stevens, No. E1999-02097-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 881, at *4 (Tenn. Crim. App., Knoxville, Nov. 6, 2000). Judicial diversion follows a determination of guilt, and the decision to grant judicial diversion is initiated by the trial court, not the prosecutor. State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992). "This Court has recognized the very 'fact that a defendant seeking judicial diversion stands before the court having already been found guilty--ready to be sentenced,' places the defendant in dramatically different posture than that of a person seeking pretrial diversion." State v. Johnson, 980 S.W.2d 410, 413 (Tenn. Crim. App. 1998) (citing State v. Porter, 885 S.W.2d 93, 94-95 (Tenn. Crim. App. 1994)). Thus, we conclude that because judicial diversion and pretrial diversion are two different concepts, the prosecutor in this case did not commit error by refusing to grant pretrial diversion while agreeing to a plea agreement in which the trial court would grant judicial diversion.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE