**STATE of Tennessee, Appellee,**

v.

**Penny D. ALBERD, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

June 28, 1995.

Shipp R. Weems, District Public Defender, Carey J. Thompson, Assistant Public Defender, Charlotte, for the Appellant.

Charles W. Burson, Attorney General & Reporter, Ellen H. Pollack, Assistant Attorney General, Criminal Justice Division, Nashville, Dan M. Alsobrooks, District Attorney General, Suzanne Lockert, Asst. Dist. Attorney General, Charlotte, for the Appellee.

## OPINION

SUMMERS, Judge.

The appellant, Penny D. Alberd, presents an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The only issue for our review is whether the trial court erred in finding that the district attorney general in this case did not abuse his discretion. We respectfully find reversible error.

The appellant was charged with possession of marijuana with the intent to sell. Following her arraignment, the appellant applied to the district attorney general's office for consideration for pre-trial diversion. Although the assistant district attorney general assigned to the case agreed that the appellant qualified for pre-trial diversion, she declined to enter into a memorandum of understanding unless the appellant would agree to pay a mandatory minimum fine of $2,000 as contemplated by Tennessee Code Annotated Section 39–17–428(b)(7) (1994). The appellant submits, and the state concedes, that the mandatory minimum fine provisions of the statute are triggered only by a conviction. *See* T.C.A. § 39–17–428 (1994).

The statute in question provides, in pertinent part, "[A]ny person convicted of violating any provision of this part shall be fined no less than the amount set out in the schedule." *Id.* The plain language of the statute indicates that the mandatory minimum fine is to be imposed following a conviction. Furthermore, while the statute which provides for a memorandum of understanding and suspended prosecution authorizes the payment of court costs, restitution, and part of the expense of supervising the defendant, the statute does not contemplate the imposition of fines. T.C.A. § 40–15–105 (1994).

The judgment of the trial court is reversed. This matter is remanded to the trial court for reconsideration of pre-trial diversion without the imposition of a mandatory minimum fine prior to the entry of a memorandum of understanding.

**REVERSED AND REMANDED.**

TIPTON and BARKER, JJ., concur.