IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

FILED

August 20, 1998

Cecil W. Crowson
Appellate Court Clerk

APRIL 1998 SESSION

STATE OF TENNESSEE ,
     APPELLEE

§

VS.

§    C.C.A. No. 01C01-9707-CC-00244

§    WILLIAMSON COUNTY

    HON. HENRY DENMARK BELL

ANTONIO JOHNSON,    §
    APPELLANT

(JUDICIAL DIVERSION)

FOR THE APPELLANT

Niles S. Nimmo
Realtors Bldg., Suite 200
306 Gay St.
Nashville, TN  37201
☐ ──────

FOR THE APPELLEE

John Knox Walkup
Attorney General and Reporter
425 Fifth Avenue, North
Nashville, TN  37243

Daryl J. Brand
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN  378243

Derek K. Smith
Assistant District Attorney General
P. O. Box 937
Franklin, TN  37065-0937

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SPECIAL JUDGE

**OPINION**

Following a bench trial, the appellant, Antonio Jackson, was convicted of the unlawful possession of cocaine, a Class A misdemeanor. The trial court sentenced the defendant to serve sixty (60) days, day for day, and pay a fine of $2,500. The trial court suspended the sixty (60) day sentence and placed the defendant on supervised probation for eleven (11) months and twenty-nine (29) days. Following a direct appeal, this Court found that the trial court had abused its discretion in sentencing the defendant and remanded the case for resentencing pursuant to judicial diversion. *State v. Antonio Jackson,* Williamson County, No. 01C01-9601-CC-00014 (Tenn. Crim. App. Nashville, December 13, 1996). In resentencing the defendant, the trial court imposed judicial diversion but retained the conditions of probation from the original judgment.

The defendant presents one issue for review: "Whether the trial court erred by imposing a fine as part of a sentence entered under authority of Tenn. Code Ann. § 40-35-313." After a thorough review of the record, the briefs submitted by both parties, and the law governing the issue presented for review, it is the opinion of this Court that the sentence imposed by the trial court should be affirmed.

**A.**

When an accused challenges the length and manner of service of a sentence, it is the duty of this Court to conduct a *de novo* review on the record with a presumption that the "determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1994). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. *State v. Butler,* 900 S.W.2d

305, 311 (Tenn. Crim. App. 1994); *State v. Smith,* 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994), per. App. Denied (Tenn. 1994); *State v. Bonestel,* 871 S.W.2d 1634, 166 (Tenn. Crim. App. 1993). However, this court is required to give great weight to the trial court's determination of controverted facts because the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

The party challenging the sentences imposed by the trial court has the burden of establishing that the sentences are erroneous. Sentencing Commission Comments to Tenn. Code Ann. § 40-35-401; *Ashby*, 823 S.W.2d at 169; *Butler*, 900 S.W.2d at 311. In this case, the defendant has the burden of illustrating that the sentences imposed by the trial court are erroneous.

The record indicates that during the resentencing hearing the trial court failed to articulate the conditions. The trial court merely stated "put on 11/29 supervised probation, report by mail, on ordinary conditions and drug screens." Therefore, the standard of review on appeal is *de novo* without a presumption of correctness. Tenn. Code Ann. § 40-35-402(d).

**B.**

The defendant argues that judicial diversion is similar in purpose to **pretrial** diversion, therefore, this Court's holding in *State v. Alberd*, 908 S.W.2d 414 (Tenn. Crim. App. 1994), controls.[1] Additionally, the defendant asserts the trial court lacked authority to impose a fine in conjunction with judicial diversion.

**(1)**

Pretrial diversion and judicial diversion are similar in nature but differ statutorily. The pretrial diversion statute is located in Tenn. Code Ann. § 40-15-101, seq. The judicial diversion statute, however, is located in Tenn. Code Ann.

---

[1] In *Alberd,* this court concluded that statutory fines may not be imposed in cases involving pretrial diversion

3

§ 40-35-313, and was incorporated in the Sentencing Act of 1989. Under pretrial diversion, Tenn. Code Ann. § 40-15-105(a), a defendant who meets certain criteria, enters into a memorandum of understanding with the District Attorney General, whereby both parties agree that the prosecution of certain crimes will be suspended for a specified period, not to exceed two (2) years from the filing of the memorandum. The parties agree that the defendant will be supervised by an appropriate agency, department, program, group or association and at the conclusion of the supervised period, if no violations of the memorandum of understanding are proven, the trial court may dismiss the prosecutions with prejudice.

The judicial diversion statute, Tenn. Code Ann. § 40-35-313(a)(1)(A) states:

> "If any person who has not previously been convicted of a felony of a Class A misdemeanor is found guilty or pleads guilt to a misdemeanor which is punishable by imprisonment of a Class C, D or E felony, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place the person on probation upon such reasonable conditions as it may require, and for a period of time not less than the period of the maximum sentence for the misdemeanor with which the person is charged, or not more than the period of the maximum sentence of the felony with which the person is charged. . . .
>
> (2) . . . If, during the period of probation, such person does not violate any of the conditions of the probation, then upon expiration of such period, the court shall discharge such person and dismiss the proceedings against the person. Discharge and dismissal under this subsection is without court adjudication of guilt, but a non-public record thereof is retained by the court solely for the purpose of use by the courts in determining whether or not, in subsequent proceedings, such person qualifies under this subsection, or for the limited purposes provided in subsection (b). Such discharge and dismissal shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime or for any other purpose, except as provided in subsection (b). Discharge and dismissal under this subsection may occur only once with respect to any person."

In *State v. Alberd,* 908 S.W.2d 414 (Tenn. Crim. App. 1994), a panel of this court concluded that mandatory minimum fines for drug offense may not be required as a condition of a memorandum of understanding for pretrial diversion. This court held that mandatory minimum fines may only be imposed following a conviction, and pretrial diversion was not a result of conviction. Because judicial diversion follows a

4

determination of guilt, *Alberd*, does not govern cases involving judicial diversion. However, even in cases involving pretrial diversion, trial courts have the authority to require defendants to pay restitution, court costs, and costs of supervision. Tenn. Code Ann. § 40-15-105(a)(2).

## (2)

The judicial diversion statute, Tenn. Code Ann. § 40-35-313 authorizes the imposition of probation "upon such reasonable conditions as it may require." Conditions of probation "must be reasonable and realistic and must not be so stringent as to be harsh, oppressive, or palpably unjust." *Stiller v. State,* 516 S.W.2d 617, 620 (Tenn. 1974). Trial courts may impose any terms and conditions not inconsistent with the Tennessee Sentencing Reform Act. See *State v. Huff,* 760 S.W.2d 633, 639 (Tenn. Crim. App. 1988).

The Court finds the imposition of a fine or contribution of a monetary amount, not exceeding the maximum statutory fine, to be a reasonable condition of judicial diversion. Tenn. Code Ann. § 40-35-313. The United States Sixth Circuit Court of Appeals addressed a similar question in construing Tenn. Code Ann. § 40-21-109 (now Tenn. Code Ann. § 40-35-313) regarding the payment of costs as a condition of probation. The Court concluded *In re Hollis,* 810 F.2d 106, 108 (6th Cir. 1987):

> "The state criminal court clearly intended the assessment of costs to be a condition of appellee's probation under section 40-21-109. Tenn. Code Ann. § 40-21-109 (1982). An assessment of costs, moreover, appears to be an appropriate condition of probation under this section. . . . We believe that section 40-24-105(b) of the Tennessee Code, which provides that costs 'shall not be deemed part to the penalty' in a criminal case, and upon which the district court relied in reaching its decision, is displaced in this instance by the more specific provisions of section 40-21-109."

Federal courts have also held the imposition of fines to be permissible pursuant to the parallel federal statute for post-conviction deferral. See 18 U.S.C. 3651; *United States v. Tepfer,* 748 F.Supp. 310, 311 (E.D. Pa. 1990).

Although pretrial diversion and judicial diversion are similar in nature, there is a significant difference between the imposition of probation pursuant to pretrial diversion and judicial diversion. The purpose of judicial diversion is to avoid placing the stigma and collateral consequences of a criminal conviction on the defendant, in addition to providing the defendant a means to be restored fully and to useful and productive citizenship. *State v. Porter,* 885 S.W.2d 93, 95 (Tenn. Crim. App. 1994). This Court has recognized the very "fact that a defendant seeking judicial diversion stands before the court having already been found guilty--ready to be sentenced," places the defendant in dramatically different posture than that of a person seeking pretrial diversion. See *State v. Porter,* 885 S.W.2d at 94-95.

A somewhat analogous situation was addressed by this Court in *State v. Vasser,* 870 S.W.2d 543 (Tenn. Crim. App. 1993). The defendant, Vasser, upon being found guilty of driving under the influence of an intoxicant contended he was entitled to judicial diversion after serving forty-eight (48) hours, per Tenn. Code Ann. § 40-35-313. This Court in construing Tenn. Code Ann. §55-10-403(B)(1)--Penalties for Driving under the influence of intoxicants--concluded that a "convicted" person must serve the "minimum sentence" and thus is not eligible for the provisions of Tenn. Code Ann. § 40-35-313. Thus in a general sense, a "conviction" has been defined as the "result of a criminal trial (or guilty plea) which ends in a judgment or sentence that the accused is guilty as charged." Technically, a conviction involves not only a verdict, but also a sentence passed by the court. See *State v. Vasser,* 870 S.W.2d 543, at 545; Rule 32(e) Tennessee Rules of Criminal Procedure. Since the trial court did not enter an order of conviction, but ordered the defendant to judicial diversion, the trial court was entitled to set reasonable conditions of probation including the payment of fines.

In conclusion, this Court finds that the order of the trial court requiring the defendant to pay a fine of $2,500 as a condition of his probation pursuant to judicial

diversion was appropriate. The imposition of a statutory mandatory minimum fine is acceptable in cases involving judicial diversion because judicial diversion, unlike pretrial diversion, involves an adjudication of guilt by the trial court. Finally, fines are permissible conditions of probation under judicial diversion so long as they do not exceed the maximum specified by statute for the offense committed.

_____
L. T. Lafferty, Special Judge

CONCUR:

_____
Gary Wade, Presiding Judge

_____
Thomas Woodall, Judge