IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2001

**STATE OF TENNESSEE v. CLIFTON SHELTON**

**Appeal from the Criminal Court for Shelby County**
**No. 99-08436     Carolyn Wade Blackett, Judge**

**No. W2000-00610-CCA-R3-CD - Filed December 17, 2001**

The defendant, Clifton Shelton, pled guilty to simple possession of marijuana, a Class A misdemeanor. The trial court sentenced the defendant to 11 months and 29 days, requiring him to spend four months in a halfway house and the balance of his sentence on probation. The defendant argues that the trial court erred by failing to suspend his entire sentence. Because the trial court relied on the defendant's prior grant of judicial diversion in denying full probation, the judgment is modified and the cause is remanded to the trial court.

**Tenn. R. App. 3; Judgment of the Trial Court Reversed; Cause Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Marvin E. Ballin, Memphis, Tennessee, for the appellant, Clifton Shelton.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

The defendant, who was indicted for one count of possession of marijuana with intent to sell and one count of possession of marijuana with intent to deliver, both Class E felonies, entered a plea of guilt to one count of simple possession of marijuana, a Class A misdemeanor. At the entry of his guilty plea, the defendant stipulated that, on November 4, 1998, he was sitting on the porch when officers arrived to execute a search warrant at the residence of a Mario Young. When the officers patted the defendant down, they found eight grams of marijuana in the pocket of his shirt.

At the sentencing hearing it was established that the defendant, age 32, was married and had three children. He had maintained employment throughout his adult life. He had no prior criminal record but some ten years before his arrest on these charges, he had successfully completed a judicial diversion program. See Tenn. Code Ann. § 40-35-313.

The state conceded that the defendant was a suitable candidate for probation but asked the trial court to require him to undergo frequent, random drug testing. The trial court granted probation, but ordered the defendant to spend four months in Project Whatever It Takes (WIT), a halfway house, as a further condition of probation. In this appeal, the defendant argues that the trial court erred by ordering placement in the halfway house as a condition of probation.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d); see also State v. Troutman, 979 S.W.2d 271 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In misdemeanor sentencing, the trial court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. The sentence must be specific and consistent with the purposes of the 1989 Sentencing Act. Tenn. Code Ann. § 40-35-302(a), (b). Not greater than 75 percent of the sentence should be fixed for service by a misdemeanor offender; however, a DUI offender may be required to serve the full 100 percent of his sentence. Tenn. Code Ann. § 40-35-302(d); Palmer v. State, 902 S.W.2d 391, 393-94 (Tenn. 1995). In determining the percentage of the sentence, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Tenn. Code Ann. § 40-35-302(d).

Upon service of the required percentage, the administrative agency governing the rehabilitative programs determines which among the lawful programs available is appropriate. The trial court retains the authority to place the defendant on probation either immediately or after a term of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). The legislature has encouraged courts to consider public or private agencies for probation supervision prior to directing supervision by the Department of Correction. Tenn. Code Ann. § 40-35-302(f). The statutory scheme is designed to provide the trial court with continuing jurisdiction in the misdemeanor case and a wide latitude of flexibility. The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App.

1994). If the trial court's findings of fact are adequately supported by the record, this court may not modify the sentence even if it would have preferred a different result. State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991).

Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). The nature and circumstances of the offense may often be so egregious as to preclude the grant of probation. See State v. Poe, 614 S.W.2d 403, 404 (Tenn. Crim. App. 1981). A lack of candor may also militate against a grant of probation. State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983).

Moreover, in Ashby, our supreme court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these. 823 S.W.2d at 171; see State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). "[E]ach case must be bottomed upon its own facts." State v.Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). "It is not the policy or purpose of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." Ashby, 823 S.W.2d at 171.

The trial court is granted broad discretion in its imposition of conditions of probation. See Tenn. Code Ann. § 40-35-303(d); Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974). Tennessee Code Annotated section 40-35-303 provides a number of conditions which a trial court may impose on an offender sentenced to probation. While the statute does not specifically list service in a halfway house, it provides that the trial court may require the defendant to "[s]atisfy any other conditions reasonably related to the purpose of the offender's sentence and not unduly restrictive of the offender's liberty, or incompatible with the offender's freedom of conscience, or otherwise prohibited by this chapter . . . ." Tenn. Code Ann. § 40-35- 303(d)(9). Thus, a trial court is free to impose any terms and conditions that are not inconsistent with the Sentencing Act. See State v. Johnson, 980 S.W.2d 410, 413 (Tenn. Crim. App. 1998). The conditions imposed, however, "must be reasonable and realistic and must not be so stringent as to be harsh, oppressive or palpably unjust." Stiller, 516 S.W.2d at 620.

Here, the trial court based its decision to require service in the halfway house on the fact that the defendant had been granted judicial diversion some ten years earlier. The trial court made the following observations:

> [W]hat really aggravates the court at this time is . . . somebody who has been given an opportunity by some judge once before continues to participate in illegal activity. And it seems like you haven't learned your lesson.
>   *        *        *
> The court is going to place you at Project WIT for four months. . . . And hopefully this program will teach you that it is time for you to grow up and be a man and stop playing around with people that don't . . . have anything to do with you being a contributing citizen in this society.

The judicial diversion statute provides that after an adjudication of guilt, a trial court may defer entry of judgment until a defendant successfully completes a diversion program or violates a condition of his release. See Tenn. Code Ann. § 40-35-313. If a defendant is successful, the statute provides for expungement from "all official records . . . all recordation relating to the person's arrest, indictment or information, trial, finding of guilty, and dismissal and discharge pursuant to this section." Tenn. Code Ann. § 40-35-313(b). The effect of dismissal under the diversion statute "is to restore the person, in the contemplation of the law, to the status the person occupied before such arrest or indictment or information." Id.

Our supreme court has held that "[e]xpungement does not return a person to the position occupied prior to committing the offense." State v. Schindler, 986 S.W.2d 209, 211 (Tenn. 1999). Our high court ruled that "the testimony and evidence of the criminal acts preceding the arrest are admissible as evidence of prior bad acts or evidence of social history even if expungement is later obtained." Id. In State v. Lane, 3 S.W.3d 456, 462 (Tenn. 1999), our supreme court held that "the criminal acts underlying an expunged conviction may properly be considered to determine whether a defendant is a suitable candidate for alternative sentencing." The court cautioned that only the underlying acts, not the conviction or grant of diversion itself, could be considered. Id.

Here, there was no proof of the facts which lead to the earlier conviction. The trial court could not deny probation based solely upon a prior grant of judicial diversion. Because the state produced no evidence demonstrating that the defendant was not otherwise a suitable candidate for probation and because the circumstances of the offense, as stipulated, do not outweigh all other factors pertinent to probation, the presumption of correctness attached to the sentence has been overcome.

Accordingly, the judgment of the trial court is modified to provide for immediate probation. The cause is remanded to allow the trial court to impose appropriate conditions of probation, such as random drug testing, other than placement in a halfway house.

_____
GARY R. WADE, PRESIDING JUDGE

-4-