IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
FEBRUARY 2000 SESSION

**STATE OF TENNESSEE v. JAMES CHAPMAN**

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 214019 & 214020  Douglas A. Meyer, Judge**

**No. E1999-01315-CCA-R3-CD - Decided**
**May 4, 2000**

Defendant and the State entered into a memorandum of understanding that purported to place Defendant on pretrial diversion. The trial court subsequently ordered Defendant to pay restitution as a condition of pretrial diversion. Defendant contends that the trial court erred when it ordered him to pay restitution. The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

WOODALL, J., delivered the opinion of the court, in which RILEY, J. and WITT, J. joined.

Hank Hill, Chattanooga, Tennessee, for the appellant, James Chapman.

Paul G. Summers, Attorney General and Reporter, Mark E. Davidson, Assistant Attorney General, William H. Cox, III, District Attorney General, Dean C. Ferraro, Assistant District Attorney General, and C. Leland Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant James Chapman was indicted by the Hamilton County Grand Jury for two counts of theft of cable television service. Defendant and the State subsequently signed a memorandum of understanding that purported to place Defendant on pretrial diversion. Approximately one year thereafter, the trial court ordered Defendant to pay restitution as a condition of pretrial diversion. In this appeal, Defendant contends that the trial court erred when it ordered him to pay restitution. After a review of the record, we dismiss this appeal and remand this matter for further proceedings consistent with this opinion.

**BACKGROUND**

On October 1, 1997, Defendant and the prosecutor signed a memorandum of understanding that purported to place Defendant on pretrial diversion. The memorandum stated, among other things, that Defendant would obey all federal and state laws and would behave in a manner consistent with good citizenship. In addition, the portion of the standardized memorandum form that

provided for the payment of restitution was crossed out, and the phrase "Hearing at later date" was handwritten in the margin.

During a hearing on that same day, the prosecutor informed the trial court that the State had entered into pretrial diversion agreements with Defendant and three other individuals, but the issue of restitution was being postponed until a restitution hearing could be held at some point in the future. The prosecutor also asked the trial court to postpone the restitution hearing until after the attorneys for Defendant and the three other individuals could meet with the cable company in order to determine an agreed amount of restitution. The trial court then stated that it approved the pretrial diversion agreement, the agreement had been signed, and a restitution hearing would be conducted on November 24, 1997.

The restitution hearing was held as scheduled. At the beginning of the hearing, Defendant's counsel informed the trial court that Defendant and Comcast Cable were $142,000.00 apart in the amount of restitution that they thought should be paid. Shortly thereafter, Comcast Cable (Comcast was represented by counsel at the hearing) called a witness who testified about the methods and procedures that were used to arrive at the restitution figure Comcast believed it was entitled to. After this witness testified, the trial court ordered Defendant and two of the other individuals to cooperate with the Tennessee Bureau of Investigation in various matters and the court stated that the hearing would be continued and the amount of restitution would be determined at a later date.

On October 12, 1998, the trial court conducted the remainder of the restitution hearing. At that time, the trial court ordered Defendant to pay $5,900.00 in restitution as a condition of pretrial diversion.

On January 19, 1999, the trial court conducted a hearing on Defendant's oral motion to reconsider the order of restitution. During the hearing, a private investigator testified about the amount of time he spent investigating the case. After this testimony, the trial court denied the motion to reconsider.

## ANALYSIS

Defendant contends that the trial court erred when it ordered him to pay restitution as a condition of pretrial diversion. However, we conclude that there is no valid pretrial diversion agreement in this case and we dismiss the appeal.

The procedures governing pretrial diversion are contained in Tennessee Code Annotated section 40-15-105, which provided at the time of the purported diversion agreement in this case:

(1)(A) . . . in cases where the defendant is charged with a misdemeanor or felony and does not have a prior misdemeanor conviction for which a sentence of confinement is served or a prior felony conviction within the five-year period after completing the sentence or probationary program for such prior conviction, and does not have a previous misdemeanor conviction for which a sentence of confinement is served or a previous felony conviction . . . the parties may, by a memorandum of understanding, agree that the prosecution will be

suspended for a specified period, not to exceed two (2) years from the filing of the memorandum of understanding, for a misdemeanor . . . or for a Class C felony . . . or a Class D felony . . . or a Class E felony . . . .

Tenn. Code Ann. § 40-15-105(a) (1997). In addition, this statute provided:

(2) Prosecution of the defendant shall not be suspended unless the parties, in the memorandum of understanding, also agree that the defendant observe one (1) or more of the following conditions during the period in which the prosecution is suspended:

. . . .

(D) That in the proper case the defendant make restitution in a specified manner for harm or loss caused by the offense, if restitution is within the defendant's capabilities

. . . .

Tenn. Code Ann. § 40-15-105(a) (1997).

Under the express terms of subsection 40-15-105(a)(2)(D), it is clear that if restitution is to be a condition of pretrial diversion, the amount and method of paying restitution must be agreed upon by the parties and the agreement must be set forth in the memorandum of understanding. In this case, the memorandum of understanding was signed by Defendant, the prosecutor, and the trial court on October 1, 1997, without any agreement by the parties as to the issue of restitution. In fact, the issue of restitution was never agreed to by the State and Defendant and instead, this issue was determined by the trial court on October 12, 1998. Because there was no agreement between Defendant and the State as to restitution, there was no valid pretrial diversion agreement in this case.

In addition, we note that nothing in section 40-15-105 provided the trial court in this case with the authority to force the payment of restitution by Defendant as a condition of pretrial diversion under the particular posture of this case. At the time of the purported diversion agreement in this case, section 40-15-105 provided, in relevant part:

(1) Promptly after the memorandum of understanding is made, the prosecuting attorney shall file it with the court, together with a notice stating that pursuant to the memorandum of understanding of the parties under this section and §§ 40-15-102 -- 40-15-104, the prosecution is suspended for a period specified in the notice. . . . The memorandum of understanding must be approved by the trial court before it is of any force and effect.

(2) The trial court shall approve the memorandum of understanding unless the:

(A) Prosecution has acted arbitrarily and capriciously;

(B) Memorandum of understanding was obtained by fraud; or

(C) Diversion of the case is unlawful.

(3) The defendant shall have a right to petition for a writ of certiorari to the trial court for an abuse of prosecutorial discretion. If the trial court finds that the prosecuting attorney has committed an abuse of discretion in failing to divert, the trial court may order the prosecuting attorney to place the defendant in a diversion status on such terms and conditions as the trial court may order. A defendant diverted under such terms and circumstances may be terminated as provided by subsection (d) and shall be subject to all other provisions of this section.

Tenn. Code Ann. § 40-15-105(b) (1997).  Under subsection 40-15-105(b)(2), the trial court may do only one of two things when the parties have entered into a pretrial diversion agreement: the court must either approve the agreement in its entirety or reject it in its entirety.  Because there was no valid pretrial diversion agreement between the parties in this case, there was nothing for the trial court to accept or reject.  In addition, under subsection 40-15-105(b)(3), the only time that a trial court can impose it own terms as conditions of pretrial diversion is when the prosecutor has refused to enter into a pretrial diversion agreement with the defendant, the defendant files a petition for a writ of certiorari to the trial court, and the trial court determines that the prosecutor has abused his or her discretion by failing to divert.  In this case, the prosecutor did not refuse to divert Defendant and Defendant did not file a petition for writ of certiorari to the trial court and thus, the trial court had no authority to reach its own determination that the payment of $5,900.00 in restitution would be a condition of pretrial diversion.

This Court has previously indicated that when a prosecutor agrees that a defendant would normally be qualified for pretrial diversion, but the parties are unable to enter into a memorandum of understanding because they are unable to agree on the conditions of pretrial diversion, the defendant should file a petition for writ of certiorari to the trial court so that the court can determine whether the prosecutor has abused his or her discretion by refusing to divert.  See State v. Alberd, 908 S.W.2d 414, 414 (Tenn. Crim. App. 1995).  That is not what happened in this case.

In short, there is no valid pretrial diversion agreement in this case and there is no valid order of restitution as a condition of diversion.  Consequently, there is nothing for this Court to review on appeal.  Accordingly, this appeal is DISMISSED and this matter is REMANDED to the trial court. Defendant may file a new application for pretrial diversion.  If filed, the matter will proceed in a manner consistent with this opinion.  If no application is filed within a reasonable time after the release of this opinion, this matter shall proceed to trial or other disposition unless stayed by higher authority.