# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 27, 2012 Session

## STATE OF TENNESSEE v. BETHANY LORRAINE KUYKENDALL

**Appeal from the Circuit Court for Anderson County**
**No. B1C00018     Donald Ray Elledge, Judge**

**No. E2011-01350-CCA-R3-CD - Filed September 12, 2012**

The Defendant, Bethany Lorraine Kuykendall, pleaded guilty to theft of property valued at more than $1000 but less than $10,000, for which she was granted judicial diversion with the requirements that she complete two years of probation and pay $150 per month toward restitution.  On appeal, she contends that the trial court abused its discretion in setting the restitution amount.  Because we lack jurisdiction to consider her appeal, we dismiss it.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Nancy C. Meyer, Assistant District Public Defender, Clinton, Tennessee, for the appellant, Bethany Lorraine Kuykendall.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; David S. Clark, District Attorney General; and Ryan Spitzer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that the elderly victim allowed the Defendant and the Defendant's infant to live in the victim's home without paying rent for one or two months because the Defendant had no other place to go.  After the Defendant left, the victim received a telephone call from an unidentified person, who said the Defendant laughed about stealing the victim's jewelry.  The victim then discovered that several pieces of her jewelry were missing.  She did not give the Defendant permission to take the jewelry.  On three dates, the Defendant pawned a total of eighteen pieces of jewelry belonging to the victim.  The victim reported to the

police that the stolen property had a value of $7950, and jewelry valued at approximately $1050 was recovered.

The Defendant and the State agreed that the Defendant would plead guilty to theft and request judicial diversion including two years of probation and restitution in an amount to be determined by the court after a hearing. The court accepted the agreement and the Defendant's guilty plea.

A restitution hearing was held four months later. The victim testified that she had memory problems. She said that she initially reported to the police that an "assortment of jewelry" was taken. Later, she and her son made a list of the stolen items and their respective values. Items other than the jewelry were included, but the trial court noted that the information only charged the Defendant with the theft of jewelry and that the other items were not included for purposes of restitution in the case. The victim's list was received as an exhibit. The victim said none of the items on the list were recovered.

A police officer testified about the recovered items. She acknowledged that the victim did not provide her with a complete list of missing items. A list of recovered items was received as an exhibit.

A former co-worker of the Defendant testified that the Defendant and she had been employed at Sonic. Her testimony was unclear whether the Defendant quit or was fired.

The Defendant testified that she had been unemployed for three months. She said she left her last job because she broke her toe and her manager cut her hours. She said she searched for other employment. She said she lived with her brother and did not currently pay rent, although he needed financial assistance. She was attempting to qualify for Food Stamps. She had over $6000 of past medical bills, owed court costs, and was obligated to pay $100 per month for child support.

The court determined that the victim's pecuniary loss was $6588 and that the Defendant had the ability to earn money but left her last employment voluntarily. The court ordered the Defendant to pay $150 per month in restitution for the rest of her probation term.

On appeal, the Defendant contends that the trial court erred in determining the amount of restitution. The State counters that the Defendant's appeal must be dismissed because the Defendant has no appeal as of right from a grant of judicial diversion. We agree with the State.

Tennessee Rule of Appellate Procedure 3(b) establishes the alternatives in which a criminal defendant has an appeal as of right:

> **(b) Availability of Appeal as of Right by Defendant in Criminal Actions.** In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

T.R.A.P. 3(b). Our supreme court has interpreted Rule 3 to limit appeals as of right to those things expressly enumerated in the rule. See State v. Lane, 254 S.W.3d 349, 353 (Tenn. 2008); State v. Adler, 92 S.W.3d 397, 401 (Tenn. 2002), superseded by statute, T.C.A. § 40-32-101(a)(1), as recognized in State v. L.W., 350 S.W.3d 911, 915-16 (Tenn. 2011). A defendant does not have an appeal as of right when she pleads guilty and receives judicial diversion because no judgment has been entered, nor has the diversion resulted from entry of any of the appealable orders specified by the rule. State v. Norris, 47 S.W.3d 457, 461 (Tenn. Crim. App. 2000); see also State v. Wiley Moore, Jr., No. M2008-01524-CCA-R3-CD (Tenn. Crim. App. July 30, 2009) (holding that a defendant who received judicial diversion had no appeal as of right of an award of interest on restitution owed and that no compelling case was presented for extraordinary review pursuant to Tennessee Rule of Appellate Procedure 10); State v. Sherrie Ann Collins, No. M2007-01356-CCA-R3-CD (Tenn. Crim. App. June 27, 2008) (holding that a defendant who received judicial diversion had no appeal as of right for review of the amount of restitution ordered).

After the State raised the jurisdictional issue in its brief, the Defendant filed a reply brief arguing that she did not waive her Rule 3 appeal as of right because the restitution amount was a probation condition that could be reviewed as part of the sentence imposed by

the court and was not waived as a matter of law by her guilty plea. She cites this court's opinion in State v. Paul David Cable, No. 03C01-9409-CR-00349 (Tenn. Crim. App. June 1, 1995), which reversed the trial court's imposition of split confinement for a defendant receiving judicial diversion because a jail term was not permitted under the judicial diversion statute. We note that Paul David Cable dealt with a probation condition that was not allowed by the statute, as opposed to one that was legally permissible but which the defendant contended was an abuse of the court's discretion. Cf. State v. Adrian Lumpkin, No. W2002-00648-CCA-R3-CD (Tenn. Crim. App. Nov. 27, 2002) (permitting T.R.A.P. 10 review of the trial court's imposition of incarceration as a condition of judicial diversion because the court had no legal authority to order it but declining to consider the defendant's remaining issues regarding other probation conditions because there was no T.R.A.P. 3 appeal as of right from the grant of diversion). Also, Paul David Cable predated this court's published opinion in Norris, which is binding authority.

We acknowledge that this court has reviewed restitution amounts awarded as a probation condition without considering whether the appeal was within the scope of Rule 3. See State v. Ardie Mae Culbreath, No. M2007-01157-CCA-R3-CD (Tenn. Crim. App. July 21, 2008); State v. Holden Gregory Reece, No. E2007-01183-CCA-R3-CD (Tenn. Crim. App. May 21, 2008); cf. State v. Johnson, 980 S.W.2d 410, 413 (Tenn. Crim. App. 1998) (affirming trial court's imposition of a fine or contribution of a monetary amount that did not exceed the statutory maximum as a probation condition of judicial diversion). We question whether the court should have reached the merits of the appeals in these cases, and we decline to consider them authoritative in this case when the court did not address the question of whether the appeal was properly before it and in light of our published decision in Norris. See Norris, 47 S.W.3d at 461.

The Defendant urges us to consider her issue as an extraordinary appeal pursuant to Tennessee Rule of Appellate Procedure 10. A Rule 10 appeal is initiated on application, the grant of which is in the appellate court's discretion. T.R.A.P. 10. No such application was made in this case, although we acknowledge that an improperly filed Rule 3 appeal may be considered as an application for review under Rule 10. See, e.g., State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim .App. 1998).

Rule 10 review is appropriate only "(1) if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review, or (2) if necessary for complete determination of the action on appeal as otherwise provided in [the Rules of Appellate Procedure]." T.R.A.P. 10(a). Our supreme court has said that a Rule 10 appeal is appropriate in the same situations as would be fitting for the common law writ of certiorari:

the court's ruling represents a fundamental illegality, the ruling fails to proceed according to the essential requirements of the law, the ruling is tantamount to the denial of a party's day in court, the trial court's action is without legal authority, the action of the trial court constitutes a plain and palpable abuse of discretion, or either party has lost a right or interest that may never be recaptured.

State v. McKim, 215 S.W.3d 781, 791 (Tenn. 2007) (citing State v. Willoughby, 594 S.W.2d 388, 392 (Tenn. 1980)).

In considering these factors, we note the Defendant does not contend that the trial court was without legal authority to set the restitution amount. She argues that the court erred in determining the amount. The plea agreement called for restitution in an amount to be determined by the trial court after a hearing. The record reflects that the Defendant was afforded a restitution hearing and that the court considered the evidence presented in determining the restitution amount. In addition to the Defendant's agreement to restitution in an amount determined by the court as a condition of judicial diversion, the trial court was statutorily authorized to impose restitution as a condition of probation. See T.C.A. §§ 40-35-303(d)(10) (2010) (authorizing the trial court to order restitution as a condition of probation), -304(a) (2010) ("A sentencing court may direct a defendant to make restitution to the victim of the offense as a condition of probation."), -313(a)(1)(A) (2010) (amended 2011) (permitting a trial court to impose "reasonable conditions" of probation upon a grant of judicial diversion); cf. State v. Yvonne B. Ragland, No. E2005-02016-CCA-R3-CD (Tenn. Crim. App. Aug. 14, 2006) (stating that upon remand, the trial court shall place the defendant on judicial diversion with reasonable conditions that may include restitution) (citing Johnson, 980 S.W.2d at 412-13).

Considering whether the Defendant has lost a right that can never be recaptured, we note this court's statement in Norris:

Although the choice to accept judicial diversion at least postpones and perhaps jeopardizes the defendant's opportunity to raise a legal issue, the quid pro quo, as compared to the defendant who pleads guilty and receives a conviction and a probated sentence, is that the defendant who accepted diversion has a self-determined chance to emerge from the process without a conviction on his or her record.

Norris, 47 S.W.3d at 463. As Norris states, a defendant has the choice whether to accept diversion. See id., T.C.A. § 40-35-313(a)(1)(A) (The court may grant diversion "with the consent of the qualified defendant."). The Defendant had the opportunity to negotiate with the State and submit a plea agreement for the court's consideration that included an agreed amount of restitution. She chose to accept the plea agreement and judicial diversion without knowing the amount of restitution that would be imposed following a hearing. The Defendant voluntarily waived her right to a Rule 3 appeal by agreeing to judicial diversion with the trial court determining the amount of restitution she would pay. She has not presented a case in which Rule 10 review is appropriate. See Wiley Moore, Jr., slip op. at 3-4 (holding that the defendant did not present a compelling case for Rule 10 review of the trial court's order imposing a probation condition of judicial diversion that required the defendant to pay interest as part of the restitution amount).

In so holding, we have considered the Defendant's argument that due process requires that we consider her appeal. She has not cited any authority to support her argument. In the absence of any authority, we hold that we are limited by the parameters of Tennessee Rule of Appellate Procedure 3(b) and our supreme court's determination that the scope of the rule is to be narrowly construed. See Lane, 254 S.W.3d at 353.

Finally, we have considered the Defendant's supplemental authority. She cites State v. Wilson, 6 S.W.3d 504, 506 (Tenn. Crim. App. 1998), which involved a Rule 3 appeal by the State of a dismissal of an arrest warrant following the defendant's conviction on the warrant. The court "decline[d] to base [its] decision on an exclusively literal interpretation of the language of Rule 3 of the Tennessee Rules of Appellate Procedure" and held that Rule 3 review was appropriate because the State's appeal arose from a criminal prosecution. Id. To the extent that Wilson supports an expansive interpretation of Rule 3, we consider our supreme court's Lane decision calling for a narrow approach to be authoritative and decline to follow the earlier opinion of this court in Wilson.

In consideration of the foregoing and the record as a whole, the appeal is dismissed.


_____
JOSEPH M. TIPTON, PRESIDING JUDGE

-6-