# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 2, 2016

## STATE OF TENNESSEE v. WALTER TOWNSEND

### Appeal from the Circuit Court for Madison County
### No. 15201      Kyle Atkins, Judge

### No. W2015-02415-CCA-R3-CD  -  Filed April 13, 2017

After groping his twenty-five-year-old neighbor's crotch, eighty-two-year-old, Walter Townsend, the Defendant, entered a plea of <u>nolo contendere</u> to the offense of sexual battery, a Class E felony. The trial court placed the Defendant on judicial diversion pursuant to Tennessee Code Annotated section 40-35-313, and deferred prosecution for a period of eighteen months of supervised probation. [I: 108] Significantly, the trial court did not require the Defendant to register as a sexual offender under the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 (the "Act"), pursuant to Tennessee Code Annotated sections 40-39-201 to -218. In this State appeal, the sole issue presented for our review is whether the trial court abused its discretion by not ordering the Defendant to register as a sexual offender. Upon review, we affirm the judgment of the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT L. HOLLOWAY, JR., JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Benjamin C. Mayo, Assistant District Attorney General, for the Appellant, State of Tennessee.

Joe H. Byrd, Jr. and Jennifer D. Free, Jackson, Tennessee, and Crews Townsend and David M. Barnes, Chattanooga, Tennessee, for the Defendant-Appellee, Walter Townsend.

## OPINION

Despite the meager record provided by the State in this appeal, it is clear that on September 20, 2014, the Defendant saw his adult male neighbor, the victim, walking his dog, and the Defendant invited them into his garage.[1]  While in the garage, the Defendant "rubbed . . . [the victim's] knee . . . and continue[d] up his thigh toward his crotch.  [The victim] . . . felt uncomfortable, so he stood up and [the Defendant] grabbed [the victim's] crotch area . . . and squeezed twice."  [I: 59].  The Defendant told investigating officers that he told the victim that he was sorry, even though he later claimed to have no memory of the offense.  As a result of this contact, the Madison County Grand Jury returned an indictment against the Defendant for sexual battery.  After some preliminary motions were filed, the trial court ultimately allowed the Defendant to enter a plea of nolo contendere to the instant offense and deferred his sentence for eighteen months pursuant to Tennessee Code Annotated section 40-35-313, the judicial diversion statute.  In its order declining to require the Defendant to register as a sex offender, the trial court stated:

> the Defendant's conduct neither caused nor threatened serious bodily injury . . . [t]hat in reaching its decision, the Court considered the Presentence Report, which included the Defendant's physical and mental condition and social history, and the circumstances surrounding the offense and the nature of the criminal conduct involved . . . [t]hat in reaching its decision, the Court considered the Defendant's lack of criminal history, the likelihood that he would not commit any other crimes while on probation and the likelihood that he can be rehabilitated. [I: 108]

## ANALYSIS

On appeal, the State argues that the trial court abused its discretion when it did not require the Defendant to register as a sex offender.  The State's argument, which consists of three paragraphs on a single page, is that by receiving judicial diversion, the Defendant was convicted of a sexual offense, and thus, required to register as a sex offender under the Act.  See T.C.A. § 40-39-201.  [State's Br. 3].  In response, the Defendant argues that because he received judicial diversion, any conviction is diverted until he completes his probationary period; thus, he is not a convicted sex offender and is not required to register under the Act.  For the reasons that follow, we agree with the Defendant and affirm the decision of the trial court.

---

[1] The State did not provide this Court with transcripts from the guilty plea hearing or any other hearing for the preliminary motions referenced in the technical record.  More importantly, the State failed to include the transcript from the sentencing hearing in this matter.  As a general rule, it is the duty of the appealing party to prepare the appellate record.  When a party fails to do so, as in this case, we may presume the ruling of the trial court is correct.  See Tenn. R. App. P. 24(a); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

In <u>State v. King</u>, 432 S.W.3d 316, 324-25 (Tenn. 2014), the Tennessee Supreme Court held that the abuse of discretion standard of review accompanied by a presumption of reasonableness applied to appellate review of a trial court's decision to grant or deny judicial diversion. However, the court made clear that the application of the <u>Bise</u> standard of review does not abrogate the common law factors for judicial diversion set out in <u>State v. Parker</u>, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996), and <u>State v. Electroplating, Inc.</u>, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998).

Tennessee Code Annotated section 40-35-313 outlines the requirements for judicial diversion. A qualified defendant for judicial diversion is defined as a defendant who pleads guilty to or is found guilty of a misdemeanor or a Class C, D, or E felony; is not seeking diversion for a sexual offense or a Class A or Class B felony; and does not have a prior conviction for a felony or a Class A misdemeanor. T.C.A. § 40-35-313(a)(1)(B)(i)(c)-(d). After a qualified defendant is either found guilty or pleads guilty, a trial court has the discretion to defer further proceedings and place that defendant on probation without entering a judgment of guilt. T.C.A. § 40-35-313(a)(1)(A).

The judicial diversion statute authorizes the trial court to impose probation "upon such reasonable conditions as it may require." Conditions of probation "must be reasonable and realistic and must not be so stringent as to be harsh, oppressive, or palpably unjust." <u>Stiller v. State</u>, 516 S.W.2d 617, 620 (Tenn. 1974); <u>see</u> <u>also</u> T.C.A. § 40-35-313(a)(1)(B)(iii)(a-b)(providing non-exhaustive list of reasonable probation conditions). It is well-established that trial courts may impose any terms and conditions of probation not inconsistent with the Tennessee Sentencing Reform Act. <u>See</u> <u>State v. Huff</u>, 760 S.W.2d 633, 639 (Tenn. Crim. App. 1988); <u>State v. Johnson</u>, 980 S.W.2d 410, 412-13 (Tenn. Crim. App. 1998). Upon the qualified defendant completing a period of probation, the trial court is required to dismiss the proceedings against him. <u>Id.</u> § 40-35-313(a)(2). The qualified defendant may then request that the trial court expunge the records from the criminal proceedings. <u>Id.</u> § 40-35-313(b).

Judicial diversion is not a sentencing alternative for convicted defendants. <u>Id.</u> § 40-35-104(c). The trial court must consider the following factors in deciding whether a qualified defendant should be granted judicial diversion: (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; and (6) the deterrence value to the defendant and others; and (7) whether judicial diversion will serve the interests of the public as well as the defendant. <u>Electroplating, Inc.</u>, 990 S.W.2d at 229 (citing <u>State v. Parker</u>, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996); <u>State v. Bonestel</u>, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993) (citation omitted), <u>overruled on other grounds by</u> <u>State v. Hooper</u>, 29 S.W.3d 1, 9-10 (Tenn. 2000)). The trial court may

consider the following additional factors: "'[the defendant's] attitude, behavior since arrest, prior record, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility and attitude of law enforcement.'" State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (quoting State v. Markham, 755 S.W.2d 850, 852-53 (Tenn. Crim. App. 1988) (citations omitted)). The trial court must weigh all of the factors in determining whether to grant judicial diversion. Electroplating, Inc., 990 S.W.2d at 229 (citing Bonestel, 871 S.W.2d at 168). Finally, "a trial court should not deny judicial diversion without explaining both the specific reasons supporting the denial and why those factors applicable to the denial of diversion outweigh other factors for consideration." State v. Cutshaw, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997) (citing Bonestel, 871 S.W.2d at 168).

The trial court in this case determined that the Defendant was eligible for judicial diversion, which the State does not dispute. Compare T.C.A. § 40-35-313(a)(1)(B) (specifying the various sexual offenses that are ineligible for judicial diversion and excluding sexual battery), with T.C.A § 40-39-202(A)(i)(listing sexual battery as a "sexual offense" which requires the offender to register under the Act). Accordingly, the question presented by the State is not whether the trial court abused its discretion by placing the Defendant on judicial diversion, but, rather, whether the Act divested the trial court of its discretion to determine whether the Defendant was required to register as a sex offender. The State provided this court with no authority supporting its position. The trial court found that "there was a conflict between the judicial diversion statute and [the Act]," and ultimately resolved the issue in the Defendant's favor. For the reasons that follow, we conclude that the trial court properly declined to require the Defendant to register under the Act.

In review of this issue, we are mindful that statutory construction is a question of law, which this court reviews de novo. State v. Dycus, 456 S.W.3d 918, 924 (Tenn. 2015); State v. Gomez, 367 S.W.3d 237, 243 (Tenn. 2012) (citing State v. Walls, 62 S.W.3d 119, 121 (Tenn. 2001)). In interpreting statutes, the function of this court is to assign a statute the full effect of the legislative intent without restricting or expanding the intended scope of the statute. Dycus, 456 S.W.3d at 924 (citations omitted). We look to the plain language of the statute to determine the intent of the legislature and presume that every word in the statute has meaning and purpose and should be given full effect if the obvious intent of the General Assembly is not violated by doing so. Id. at 924-25. Legislative intent and purpose are ascertained "from the natural and ordinary meaning of the statutory language, without a forced or subtle interpretation that would limit or extend the statute's application." State v. Blackstock, 19 S.W.3d 200, 210 (Tenn. 2000). However, if a statute's language is ambiguous, then "we must look to the entire statutory scheme and elsewhere to ascertain legislative intent and purpose." Walls, 62 S.W.3d at 121 (citing Freeman v. Marco Transp. Co., 27 S.W.3d 909, 911 (Tenn. 2000).

The judicial diversion statute has been described as "a form of 'legislative largess' available to qualified defendants who have entered a guilty or nolo contendere plea or have been found guilty of an offense without the entry of a judgment of guilt." State v. King, 432 S.W.3d 316, 323 (Tenn. 2014) (footnote omitted) (quoting State v. Schindler, 986 S.W.2d 209, 211 (1999)). It provides, in relevant part, as follows:

(a)(1)(A) The court may defer further proceedings against a qualified defendant and place the defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty and with the consent of the qualified defendant. The deferral shall be for a period of time not less than the period of the maximum sentence for the misdemeanor with which the person is charged or not more than the period of the maximum sentence of the felony with which the person is charged. . . .

(B)(i) As used in this subsection (a), "qualified defendant" means a defendant who:

(a) Is found guilty of or pleads guilty or nolo contendere to the offense for which deferral of further proceedings is sought;

. . . .

(c) Is not seeking deferral of further proceedings for a sexual offense, a violation of § 71-6-117 or § 71-6-119, driving under the influence of an intoxicant as prohibited by § 55-10-401, vehicular assault under § 39-13-106 prior to service of the minimum sentence required by § 39-13-106, or a Class A or B felony;

T. C. A. § 40-35-313(a)(1)(A), (B)(i)(a), (c) (emphasis added). The decision of whether to grant or deny judicial diversion is entrusted to the sound discretion of the trial court. King, 432 S.W.3d at 323.

It is well-settled that the decision to grant judicial diversion and the probation period that results do not constitute a sentence. Dycus, 456 S.W.3d at 926 (citing long line of cases establishing the fact that diversion is not a sentence). Rather, "[t]he grant or denial of judicial diversion is a decision to either defer or impose a sentence." Id. (citing King, 432 S.W.3d at 324-25). Under the plain reading of the judicial diversion statute, a grant of judicial diversion precludes entry of a judgment of guilt, and "[a] sentence may be imposed only after the individual is found to have violated his or her probation." Id. (citing King, 432 S.W.3d at 323; and T.C.A. § 40-35-313(a)(2) (stating that only after the

terms of probation are violated may the court "enter an adjudication of guilt and proceed as otherwise provided")). In other words, a person who is granted judicial diversion avoids an adjudication of guilt, and so long as the person does not violate the terms of probation, the charges will be dropped and proceedings dismissed, never resulting in a "conviction." Rodriguez v. State, 437 S.W.3d 450, 455 (Tenn. 2014).

On the other hand, the Act defines a conviction, in relevant part, as "a judgment entered by a Tennessee court upon a plea of guilty, a plea of nolo contendere, a finding of guilt by a jury or the court notwithstanding any pending appeal or habeas corpus proceeding arising from the judgment." T.C.A. § 40-39-202(1). Significantly, the Act explicitly provides that "'convictions' . . . also include a plea taken in conjunction with § 40-35-313 [the judicial diversion statute][.]" Id. The Act further "requires persons convicted of a sexual offense or a violent sexual offense to provide to law enforcement officials certain regularly updated information, including the offender's residence, employment, electronic mail or other internet identification, and other personal information." Ward v. State, 315 S.W.3d 461, 468 (Tenn. 2010) (citing T.C.A. § 40-39-203 (2006 & Supp. 2009)). It also limits offenders' access to schools and day care facilities, among other restrictions. Id. (citing T.C.A. § 40-39-211). Sexual offenders may petition the Tennessee Bureau of Investigation for removal from the registry ten years from release from incarceration or release from an alternative to incarceration. However, violent sexual offenders are required to register for life. See T.C.A. § 40-39-207(g)(1)(B) (emphasis added); Livingston v. State, No. M2009-01900-COA-R3-CV, 2010 WL 3928634, at *2 (Tenn. Ct. App. Oct. 6, 2010).

Upon a plain reading of the above two statutes in question, we agree with the trial court and conclude that there is, apparently, a conflict between Tennessee Code Annotated section 40-35-313 (a)(1)(A), that portion of the judicial diversion statute which permits the trial court to "defer further proceedings against a qualified defendant and place the defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty" and Tennessee Code Annotated section 40-39-202, that portion of the Act which explicitly provides that "'convictions' . . . also include a plea taken in conjunction with § 40-35-313 [the judicial diversion statute][.] " (emphasis added). We additionally observe that the conflict stems, in large part, from sexual battery being defined as an offense that is eligible for judicial diversion, see T.C.A. § 40-35-313(a)(1)(B), while it is also on the list of sexual offenses which appears to require registration under the Act, see T.C.A § 40-39-202(A)(i).

Our resolution of the case at bar does not hinge on resolving this conflict. As an initial matter, our review of the limited record before us shows that, at the time of the offense, the Defendant was eighty-two years old and the victim was twenty-five years old. Two years prior to the offense, the Defendant's wife of fifty-two years had passed

away. His grief affected his personality, and he began to abuse alcohol and Xanax that his doctor had prescribed for insomnia. Although the Defendant had two sons, he lived alone with the aid of two part-time caretakers. Following the offense, the Defendant was examined by a clinical psychologist, whose report showed that the Defendant had recently undergone gall bladder surgery and was taking a variety of medications for heart and blood problems. The report further showed the Defendant's enrollment at a substance abuse program, which ultimately diagnosed him with alcohol dependence, benzodiazepam dependence (specifically Xanax), cardiac arrhythmia, anemia, benign prostate hypertrophy, gastroesophageal reflux disease, and anticoagulant therapy. A prior incident of indecent exposure with another adult male, which did not result in criminal charges, was also included in the report. A test was administered to determine the Defendant's propensity for recidivism as a sexual offender. The Defendant scored within the lowest possible range, a 1, on a scale of 0 to 26. On another similar test, the Defendant scored a 2, earning another point for having an unrelated victim and a point for having a male victim. This test placed the Defendant in a "medium to low risk" category for reoffending. The psychologist opined that the Defendant "present[ed] virtually no risk of reoffending." Eight letters from various friends or family members recommending that the Defendant be given judicial diversion were attached to the technical record. Interestingly, almost every letter noted the Defendant's reliance on alcohol and overall decline following the death of his wife.

The trial court's order noted that (1) the Defendant had no prior criminal history, (2) his conduct neither caused nor threatened serious bodily injury, (3) he had started a business in the community, (4) he had been involved in the community, and (5) he had a good reputation in the community. The trial court further provided that it "could see no benefit of displacing [the Defendant] from his home and placing him on the sexual registry." After noting that the Defendant should not be required to register, the trial court also ordered the Defendant to undergo an evaluation for sexual offender treatment and follow any recommendations therefrom. Based on our review, the record fully supports the trial court's imposition of the probation conditions in this case, including refusing to require registration under the Act. Given the Defendant's health, the circumstances of the offense, and the likelihood that the Defendant would not reoffend, the trial court's decision not to require the Defendant to register under the Act, which would effectively displace the Defendant from his home, was reasonable.

To the extent that there remains confusion over the conflict between the two statutes, we are guided by State v. Billy Joe Dill, No. E1999-01779-CCA-R3-CD, 2002 WL 1456923 (Tenn. Crim. App. Oct. 2, 2000), a case in which this court addressed whether a defendant who successfully completes judicial diversion is eligible to register under the Act. In Billy Joe Dill, the defendant pled guilty to one count of statutory rape and was placed on judicial diversion. 2002 WL 1456923, at * 1. Although he originally

registered as a "sex offender," he later pled guilty to one count of failing to return a Tennessee Bureau of Investigation verification form as required by law under the Act. <u>Id.</u> At the time of his guilty plea, the defendant reserved a certified question of law; namely: whether the Act violated the state and federal constitutions by requiring him to remain on the sex offender registry after successful completion of judicial diversion. This court affirmatively resolved this question and stated:

> [The Act] begins with the phrase "a person who is, or has been, *convicted* of." Clearly, reading the first paragraph of the statute, conviction is plainly a prerequisite to sexual offender status. This makes sense; conviction as a line of demarcation between sexual offenders and non-sexual offenders is both workable and sensible.

> However, the contradiction arises when one continues to read subsections (a) and (b) which mentions both "pretrial and judicial diversion" three separate times. This is confusing because those defendants whose cases are disposed of through judicial diversion are not *convicted.* Rather, proceedings against a qualified defendant are deferred and no judgment of guilt is entered. <u>See</u> <u>generally</u> Tenn. Code Ann. [§] 40-35-313. Therefore, under the first and dominant paragraph of the statute, they are not "sexual offenders." Yet, subsections (a) and (b) seem to contemplate their inclusion. This is confusing, vague, and ambiguous.

> In the face of this confusion, we are instructed by several principles important to the constitutional law including legality, notice, fairness, and due process. Generally, the language of a penal statute must be clear and concise to give adequate warning so that individuals might avoid the forbidden conduct. <u>See</u> <u>State v. Boyd</u>, 925 S.W.2d 237, 242-43 (Tenn. Crim. App. 1995). A basic principle of due process is that an enactment whose prohibitions are not sufficiently defined is void for vagueness. <u>See</u> <u>State v. Lakatos</u>, 900 S.W.2d 699, 701 (Tenn. Crim. App. 1994). In this case, these values and protections must apply, and we are bound to conclude that this defendant's violation of the Sex Offender Monitoring Act should be reversed and dismissed. Simply put, he has not been "convicted" of a sex offense, and we cannot conclude that the statute's language puts him on fair notice.

<u>Billy Joe Dill</u>, No. E1999-01779-CCA-R3-CD, 2000 WL 1456923, at *2-3 (Tenn. Crim. App. Oct. 2, 2000).

-8-

We acknowledge that the Act has been amended several times since the release of Billy Joe Dill. See T.C.A. § 40-39-202 (amended 2005, 2006, 2007, 2008, 2010, 2011, 2012, 2014, 2015, 2016). However, as in this case, the Act in effect at the time of Billy Joe Dill defined a conviction as including those persons placed on judicial diversion. Based on the same reasoning and analysis relied upon in Billy Joe Dill, we hold that the language of the Act defining a conviction as including persons placed on judicial diversion is confusing, vague, and ambiguous. Therefore, principles of notice, legality, and due process further support the trial court's decision not to require the Defendant to register as a sex offender. For all of these reasons, we affirm the judgment of the trial court.

## CONCLUSION

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE